IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| WINFRED MUCHIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-770 |
| | ) | |
| HALAL AL-RAWAF, IBRAHIM AL-RASHOUDI, FAHAD AL-RASHOUDI, LULUH AL-RASHOUDI, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF NEIL H. KOSLOWE

Neil H. Koslowe declares as follows:

1. Plaintiff Winfred Muchira filed this suit against defendant Halal Al-Rawaf and three of her children, defendants Ibrahim Al-Rashoudi, Fahad Al-Rashoudi, and Luluh Al-Rashoudi, on June 23, 2014.

2. According to an affidavit of service that Muchira filed, Muchira delivered four sets of the summons and complaint to Fahad Al-Rashoudi at a house in Vienna, Virginia on June 24, 2014. The process server appears to aver in the affidavit that this constituted personal service on Fahad Al-Rashoudi and substitute service on the other three defendants. The current deadline for responses by defendants to the complaint is July 15, 2014, six days from today.

3. Muchira sets forth 12 claims for relief in her complaint: involuntary servitude in violation of the Thirteenth Amendment; trafficking in violation of the Trafficking Victims Protection Act ("TVPA") of 2000; forced labor in violation of 18 U.S.C. § 1589; involuntary

servitude in violation of 18 U.S.C. § 1584; unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor, in violation of 18 U.S.C. § 1592; benefitting financially from trafficking in persons in violation of the TVPA, 18 U.S.C. §§ 1593A, 1595; civil conspiracy; unjust enrichment; false imprisonment; intentional infliction of emotional distress; violation of the Fair Labor Standards Act, 29 U.S.C. § 216; and punitive damages/special damages.

4. Muchira alleges that the conduct of which she complains occurred between May 2012 and March 29, 2013 (Compl. ¶¶ 3, 18, 37, 77).

5. None of the defendants is a citizen of the United States. All the defendants are citizens of Saudi Arabia and presently reside and are located in Saudi Arabia.

6. Nasser Al-Hamdan, a friend of the defendant family, contacted the law firm of Shearman & Sterling LLP last week to seek legal advice about this action. Two days ago, on July 7, 2014, Mr. Al-Hamdan had a conference call with Shearman & Sterling attorneys about the action and plaintiff's allegations. I participated in that call.

7. It is apparent that there are significant factual and legal questions regarding personal jurisdiction over, and service of process upon, some or all the defendants, as well as regarding the viability of plaintiff's allegations and legal claims. These questions require further factual development and legal research.

8. Defendants are in the process of formally engaging counsel to represent them in this action, and counsel will need 30 days beyond July 15, 2014, to gather sufficient facts and conduct sufficient research to enable defendants appropriately to respond to the complaint.

9. It would be unfair and highly prejudicial to defendants, who as foreigners are not familiar with the United States system of justice, to be required to respond to the complaint before they have formally engaged U.S. counsel.

10. Plaintiff's counsel, Deborah Yates of Wilmer Cutler Pickering Hale and Dorr LLP, has advised that plaintiff does not object to defendants' motion for a 30-day extension of time.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 9, 2014.

_____
Neil H. Koslowe