IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| WINFRED MUCHIRA,<br><br>                Plaintiff,<br><br>  vs.<br><br>HALAH AL-RAWAF,<br>IBRAHIM AL-RASHOUDI,<br>FAHAD AL-RASHOUDI,<br>LULUH AL-RASHOUDI,<br>10686 Waterfalls Lane<br>Vienna, VA 22182<br>Fairfax County<br><br>                Defendants. | Civil Action No. 1:14-cv-00770-AJT-JFA<br><br><br>**JURY TRIAL DEMANDED** |

## PROPOSED JOINT DISCOVERY PLAN

The parties jointly file this proposed joint discovery plan pursuant to this Court's order. D.I. 18. Consistent with the Court's order, the parties have conferred regarding the claims, defenses, possibilities of settlement or resolution of the case, trial before a magistrate judge, Rule 26(a)(1) disclosures, and a discovery plan designed to complete discovery by Friday, January 9, 2015. The parties have determined there is no possibility of settlement at this time.

As an initial matter, defendants contend that discovery should be stayed until the Court resolves their pending Motion to Dismiss and Quash and, consistent with the Court's Order of August 29, 2014, they intend to renew their motion for such a stay if that issue is not decided by the Court prior to the pre-trial conference scheduled for September 10, 2014. Plaintiff opposes any delay in discovery.

**I.     CLOSE OF DISCOVERY**

    A.     Discovery will close on January 9, 2015.

**II.    INITIAL DISCLOSURES**

    A.     The parties' Rule 26(a)(1) disclosures shall be exchanged on September 12, 2014.

**III.   DEADLINE TO AMEND PLEADINGS**

    A.     Plaintiff suggests a deadline to amend pleadings or add parties of October 16, 2014. Defendants propose September 15, 2014.

**IV.    FACT DISCOVERY**

    A.     All fact discovery shall be completed by January 9, 2015.

    B.     The parties jointly anticipate that discovery will be needed on the facts and circumstances concerning Ms. Muchira's employment by the defendants.

    C.     Plaintiff anticipates that discovery will additionally be needed regarding the following:

        1.     The facts and circumstances concerning other individuals employed by the defendants. Defendants oppose such discovery on the grounds that it is irrelevant to the issues in this case.

        2.     Defendants' ability to pay monies owed to Ms. Muchira. Defendants' position is that pre-trial discovery of their ability to pay monies owed to plaintiff is not appropriate and they oppose such discovery.

    D.     Defendants anticipate that discovery will additionally be needed regarding the facts and circumstances regarding Ms. Muchira's activities, associations, and immigration status during the period beginning with her arrival in the U.S. and

continuing through the present. Plaintiff believes this is excessively broad, particularly as to Ms. Muchira's activities and associations after leaving the employ of Defendants, but discovery of some narrower aspects of her activities in that period may be appropriate and the appropriate scope should be addressed as concrete requests are made.

E. The parties propose to meet and confer regarding potential discovery of electronically stored information and file a joint report on the matter in due course.

F. Depositions: defendants' position is that the depositions of any of the named defendants who reside and are located in Saudi Arabia shall take place in Saudi Arabia in accordance with the laws of the Kingdom of Saudi Arabia; plaintiff's position is that all named parties should appear for depositions in this district and any depositions be taken in accordance with the Federal Rules of Civil Procedure.

V. **EXPERT DISCOVERY**

A. Expert reports under Fed. R. Civ. P. 26(a)(2) on issues for which the party has the burden of proof shall be served by December 5, 2014. Opposing expert reports shall be served by December 19, 2014.

B. All expert discovery shall be completed by January 9, 2015.

VI. **PROTECTIVE ORDER**

A. Claim of Privilege or Protection of Trial Preparation Materials: Each party will produce a log of all documents withheld on the basis of attorney client privilege or other evidentiary privilege or doctrine. However, the parties have agreed that the following do not need to be included on a privilege log if they occurred on or

        after June 23, 2014: (1) privileged attorney-client communications between named parties and their litigation counsel; and (2) privileged communications between or among litigation counsel. It is plaintiff's position that any withheld communications that include non-parties, even if those communications also include parties and/or litigation counsel, require logging. Defendants disagree that communications on which attorney-client privilege is asserted occurring after June 23, 2014 and which include non-parties must be logged.

    B.    Inadvertent Production: The parties agree that an inadvertent production or disclosure of materials subject to a claim of privilege or work product protection shall not cause a waiver of such privilege or protection. In the event that either party inadvertently produces documents or materials subject to a claim of such privilege or protection, the producing party will identify the inadvertent disclosure and the receiving party will promptly either return the materials or, if the applicability of the privilege or protection is disputed, seek the Court's assistance.

    C.    Preservation of Discoverable Materials: The parties have confirmed that they are taking all reasonable steps necessary to preserve all discoverable materials.

    D.    Protective Order: The parties will confer on the terms of an appropriate protective order if one or more parties deem one necessary to protect confidential information exchanged during the course of discovery. The parties shall file the appropriate motion with the Court for approval should it become necessary.

**VII.**   **TRIAL**

    A.    The parties do not consent to trial before a magistrate judge.

B. Pretrial Conference: subject to subsequent court order, the parties will appear for an initial pretrial conference on September 10, 2014 and for a Pretrial Conference on January 15, 2015.

C. Estimated Trial Time: The parties anticipate that the trial will last approximately 4 days.

The parties have discussed all items required to be discussed by Rule 26(f).

Date: September 3, 2014                                   Respectfully submitted,

__/s/ Deborah Anne Yates _____
Deborah Anne Yates (VA Bar no. 74773)
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: 202-663-6726
Fax: 202-663-6363

Counsel for plaintiff

__/s/ Jonathan R. DeFosse_____
Jonathan R. DeFosse  (VA Bar no. 48220)
Shearman & Sterling LLP
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-508-8132
Facsimile:  202-508-8100

Counsel for defendants

## **CERTIFICATE OF SERVICE**

      I certify that today, September 3, 2014, I electronically filed the foregoing Proposed Joint Discovery Plan with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Jonathan R. DeFosse
>Shearman & Sterling LLP
>801 Pennsylvania Avenue, N.W.
>Washington, DC 20004
>Email: jonathan.defosse@shearman.com

>___/s/__Deborah Anne Yates_____
>Deborah Anne Yates (VA Bar No. 74773)
>deborah.yates@wilmerhale.com
>WILMER CUTLER PICKERING HALE & DORR LLP
>1875 Pennsylvania Avenue, N.W.
>Washington, D.C. 20006
>Telephone: 202-663-6000
>Fax: 202-663-6363