IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| WINFRED MUCHIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-00770-AJT-JFA |
| | ) | |
| HALAH AL-RAWAF, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANS' MOTION TO COMPEL
DISCOVERY OR, IN THE ALTERNATIVE, FOR AN ORDER PRECLUDING
RECOVERY FOR ALLEGED EMOTIONAL INJURIES AFTER APRIL 1, 2013**

Defendants Halah Alrawaf, Ibraheem Alrashoudi, Fahad Alrashoudi, and Luluh Alrashoudi (collectively, the "Saudi Family"), have moved under Fed. R. Civ. P. 37 and Local Civil Rule 37 to compel plaintiff Winfred Muchira to respond to discovery requests pertaining to and seeking the identity of her employers since April 1, 2013, including her current employer. In the alternative, the Saudi Family is willing to forego this discovery if the Court will enter an order precluding Muchira from recovering for any alleged psychological and emotional injuries that allegedly continued after she left defendants' employ on April 1, 2013.

The Saudi Family has a legitimate need to discover the identity of Muchira's employers after she left their employ. Muchira alleges in her complaint that the Saudi Family inflicted severe emotional and psychological injuries on her while she worked for them, and that she continues to suffer from some or all of those injuries to the present. Muchira seeks compensatory and punitive damages for these alleged past and continuing injuries. Yet, Muchira has told government officials that she has continued to work for others as a housemaid to the present. The employers for whom

1

Muchira has worked since she left the Saudi Family presumably would have first-hand knowledge, through observation and conversation, whether Muchira has exhibited any symptoms or manifestations of the continuing psychological and emotional injuries she alleges.  Testimony by those employers that they have no evidence that Muchira has been suffering from any psychological or emotional injuries would rebut Muchira's allegations and support the Saudi Family's denials of those allegations.  Therefore, the Saudi Family is entitled either to discover the identify of those employers so they may obtain discovery from that on that damages-related topic, or to an order precluding Muchira from recovering on her claim of post-April 1, 2013, injuries.

## STATEMENT

Muchira seeks compensatory and punitive damages for alleged psychological and emotional injuries inflicted upon her by the Saudi Family.  In her complaint, Muchira describes these injuries as: "Acute Stress Disorder, night terrors, waking in the middle of the night to feel disoriented, depression, persistent worry, anxiety, insomnia, a dissociative state, avoidance symptoms, and flashbacks, among other psychological harms, which also caused physical effects."  Compl. ¶ 80. Muchira further alleges that she experienced panic attacks and fear of public places as a result of defendants' actions.  *Id*.  ¶¶ 81, 82.  Muchira alleges that "some or all" of these claimed psychological and emotional injuries have continued though the present.  *Id*. ¶ 83.  Nevertheless, Muchira has declared under penalty of perjury to the United States Department of State that she has continued to work for others as a housemaid to the present.[1]

In the discovery dispute now before the Court, Muchira refuses to answer the Saudi Family's discovery requests pertaining to the identity of her employers from April 1, 2013, to the present, information reasonable calculated to lead to admissible evidence directly relevant to her s

---

[1] *See* Declaration of Winfred Muchira, annexed as Exhibit 1.

allegation of continuing psychological and emotional harm after leaving the employ of the Saudi Family on April 1, 2013. Testimony from Muchira's employers since April 1, 2013, concerning her ability to work, and in particular concerning the presence or absence of symptoms of psychological and emotional injury in the course of such work, would bear directly on Muchira's allegations and her claim for compensatory and punitive damages.

The Saudi Family served their First Set of Interrogatories and First Request to Produce Documents on September 30, 2014. Interrogatory No. 11 states: "Identify anyone other than Defendants for whom you provided services between July 28, 2012, and the present."[2] Document Request No. 37 seeks: "All documents concerning Plaintiff's income, assets, property, and jobs, from April 1, 2013, to and including the present."[3]

Muchira formally objected to this discovery, claiming that the information sought was not relevant.[4] (*See* Ex. C at 6 (Objection to Interrogatory No. 11) and Ex. D at 14 (Objection to Document Request No. 37).) These objections were not resolved during a telephonic meet-and-confer of counsel held on October 22, 2014. In subsequent email meet-and-confer exchanges, Muchira's counsel has stood by her objections, asserting that "Defendants' intention to seek discovery from plaintiff's employer constitutes a thinly-veiled effort to harass and intimidate the plaintiff and discourage her efforts to pursue the case against defendants."[5] Muchira's counsel

---

[2] This interrogatory is annexed as Exhibit 2.

[3] This document request is annexed as Exhibit 3.

[4] These objections are annexed as Exhibit 4.

[5] E-mail dated October 29, 2014, from Deborah Yates to Neil H. Koslowe, annexed as Exhibit 5.

further asserted that "[t]he threat of harassment and intimidation of the plaintiff resulting from discovery from the employer substantially outweighs the likely probative value" of this discovery.[6]

In an effort to resolve this dispute, the Saudi Family offered to drop this discovery if (1) Muchira would forego any damage claim based on alleged emotional after-effects following her departure from the Saudi Family, or (2) the parties stipulated that, if called as witnesses at trial, plaintiff's post-defendants employers would testify that they have no evidence and saw nothing to suggest that Muchira is suffering from the alleged continuing psychological and emotional injuries. Muchira's counsel rejected both these proposed resolutions, hence the instant motion.[7]

## ARGUMENT

### I. The Legal Standard

The Federal Rules of Civil Procedure permit "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The discovery needs to be 'reasonably calculated to lead to the discovery of admissible evidence.'" *LifeNet Health v. LifeCell Corp.*, No. 2:13-cv-486, 2014 WL 4162113, at *3 (E.D. Va. Aug. 19, 2014) (quoting Fed. R. Civ. P. 26(b)(1)). Under this permissive standard, objections to discovery are disfavored, and "the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *Singletary v. Sterling Transport Co.,* 289 F.R.D. 237, 241 (E.D.Va.2012) (citing *Finley v. Trent,* 955 F.Supp. 642, 648 (N.D.W.Va.1997)).

---

[6] E-mail dated October 29, 2014, from Deborah Yates to Neil H. Koslowe, annexed as Exhibit 5.

[7] E-mail dated October 29, 2014, from Deborah Yates to Neil H. Koslowe, annexed as Exhibit 6.

## II. Discovery Concerning the Identities of Muchira's Employers Since April 1, 2012, Is Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

Muchira's objection on the basis of relevance is unfounded. Testimony from Muchira's employers since April 1, 2012, which can only be obtained if the identities of such employers are known, could reasonably be expected to lead to the discovery of admissible evidence concerning her allegations of continuing psychological and emotional injuries. Such testimony could, for example, reveal whether or not Muchira, over the course of more than a year, has manifested any outward symptoms of such alleged continuing harm.

Muchira's allegations concerning continuing psychological and emotional injuries, if true, would be expected to have some negative impact on her ability to work as a housemaid after leaving the employ of the Saudi Family and continuing through today. For example, those symptoms may have interfered with her work performance or may have been apparent to her employer. On the other hand, a sworn statement by an employer for whom Muchira worked after leaving the Saudi Family that she was always cheerful and never depressed would support the Saudi Family's contention that her claims of continuing psychological and emotional injuries either are overstated or groundless.

Muchira's counsel asserted in meet-and-confer communications that the Saudi Family could obtain the evidence they seek from other individuals they have subpoenaed for deposition and from an upcoming independent medical examination.[8] However, as far as the Saudi Family knows, none of the third parties they subpoenaed for deposition has had any contact with Muchira except in an interview context. And although the independent medical examination may provide useful insights into Muchira's present psychological and emotional condition, it is no substitute for

---

[8] E-mail from Deborah Yates to Neil H. Koslowe dated October 29, 2014, annexed as Exhibit 5.

5

the testimony of employers who presumably have conversed with and observed Muchira at work on a day-to-day basis since she left the Saudi Family throughout today.  In any event, Muchira may not artificially limit the discoverable evidence to which the Saudi Family is entitled under the Federal Rules of Civil Procedure simply because she or her counsel think the Saudi Family does not need more.

The Saudi Family therefore is entitled to know the name, address, and telephone number of each of Muchira's employers following her departure from their employ.  This information is necessary in order to obtain discovery from them regarding Muchira's psychological and emotional well-being during her employment by them.

**III.  Muchira's Assertion That This Discovery Constitutes "Intimidation" Are Unfounded.**

As noted above, Muchira's counsel has asserted in meet-and-confer communications that the Saudi Family's initiative to obtain discovery from her employers since April 1, 2012, "constitutes a thinly-veiled effort to harass and intimidate the plaintiff and discourage her efforts to pursue the case against Defendants."[9]  Muchira's counsel has further asserted that Muchira "fears that legal notices to her employer could imperil her employment."[10]  Muchira's counsel says that Muchira already has been subjected to intimidation by the Saudi Family, and the involvement of her new employer in the case communicates to her that the Saudi Family wants to project that conduct into the present and perhaps future."[11]

However, the case is no longer at the motion-to-dismiss stage; issue has been joined by the Saudi Family's answer denying Muchari's allegations, and those allegations no longer enjoy any

---

[9] E-mail from Deborah Yates to Neil H. Koslowe, dated October 29, 2014, annexed as Exhibit 5.

[10] *Id.*

[11] *Id.*

presumption of truth or validity. Contrary to the assertions of Muchira's counsel, the Saudi Family never intimated Muchira and is not attempting to do so now. On the contrary, the Saudi Family is trying to discover facts that will enable it to disprove Muchira's false allegations and false claims for compensatory and punitive damages.

Muchira appears to want to have it both ways. She wants to use her alleged continuing psychological and emotional injuries as a sword to extract compensatory and punitive damages from the Saudi Family, but then shield potential evidence about the non-existence of those alleged continuing injuries from scrutiny by the Saudi Family and this Court. The Saudi Family respectfully asks the Court to reject this effort.

**IV.** **In the Alternative, the Saudi Family Asks the Court to Issue an Order Precluding Muchira Fom Recovering for Any Psychological and Emotional Injuries that Allegedly Continued After Muchira Left Their Employ**

Absent discovery from Muchira's employers since April 1, 2013, the Saudi Family will have no means of obtaining relevant evidence concerning Muchira's day-to-day demeanor while working during that period. Should the Court uphold Muchira's objections to this discovery, the Saudi Family submits it is only fair and equitable that the Court issue an order precluding Muchira from claiming she has continued to suffer from psychological and emotional injuries allegedly caused by the Saudi Family since she began working as a housemaid for other employers and through today, and compelling her to forego her prayer for compensatory and punitive damages based on such continuing psychological and emotional injuries.

## CONCLUSION

For the foregoing reasons, the Saudi Family respectfully requests that the Court grant its Motion to Compel Discovery or in the Alternative for an Order Precluding Recovery for Alleged Emotional Injuries After April 1, 2013.

Dated:  October 31, 2014                                  Respectfully submitted,

   /s/ Jay M. McDannell
Jay M. McDannell (VA Bar No. 45630)
Potomac Law Group, PLLC
1300 Pennsylvania Avenue, N.W.,
Suite 700
Washington, DC 20004
Telephone:  703-718-0171
Email:  jmcdannell@potomaclaw.com

Neil H. Koslowe (*admitted pro hac vice*)
Shearman & Sterling LLP
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:  202-508-8118
Email:  neil.koslowe@shearman.com

*Attorney for Defendants*

## **CERTIFICATE OF CONSULTATION AMONG COUNSEL**

Pursuant to Local Civil Rules 7(E) and 37(E), I certify that counsel for defendants conferred with counsel for plaintiff via telephone and email in a good faith effort to resolve the discovery matter at issue in this motion.

    /s/ Neil H. Koslowe
Neil H. Koslowe (*Pro Hac Vice*)
Shearman & Sterling LLP
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:  202-508-8118
Email: neil.koslowe@shearman.com

## **CERTIFICATE OF SERVICE**

I certify that today, October 31, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send a notification of such filing (NEF) to the following:

Deborah Anne Yates
Wilmer Cutler Pickering Hale & Dorr, LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Email:  deborah.yates@wilmerhale.com

    /s/ Jay M. McDannell
Jay M. McDannell (VA Bar No. 45630)
Potomac Law Group, PLLC
1300 Pennsylvania Avenue, N.W.,
Suite 700
Washington, DC 20004
Telephone:  703-718-0171
Email:  jmcdannell@potomaclaw.com

*Attorney for Defendants*