Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| WINFRED MUCHIRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:14-cv-770 |
| | ) |
| HALAH AL-RAWAF, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Defendants Halah Alrawaf, Ibraheem Alrashoudi, Fahad Alrashoudi, and Luluh Alrashoudi (collectively, the "Saudi Family") by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 33, request that Plaintiff Winfred Muchira answer, in writing and under oath, each of the following interrogatories, in accordance with the following definitions and instructions:

## DEFINITIONS

The following definitions and instructions apply to each of the discovery requests.

1. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, but not limited to, any documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation, by the responding party, into a reasonably usable form—such as electronic or computerized data compilations, electronic chats, text messages, email communications, other electronically stored

information from personal computers, voice recordings, handwritten notes, and hard copy documents.

  2. "Communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries or otherwise) between or among individuals in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or intermediary.

  3. "Relate" or "relating to" means relevant to, commenting upon, concerning, containing, embodying, reflecting, describing, evidencing, constituting, referring to, or used in connection with, and should be construed in the broadest sense.

  4. "Includes" or "including" means including/includes, without limitation; or including/includes but not limited to.

  5. "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known mailing address, telephone number, and e-mail address and when referring to a natural person, the person's present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

  6. "Identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

  7. "Person" or "persons" includes any natural person or any business, legal or governmental entity or association.

  8. "Plaintiff" means Winfred Muchira.

9. "Defendants" means Halah Alrawaf, Ibraheem Alrashoudi, Fahad Alrashoudi, and Luluh Alrashoudi.

10. "Compensation" refers to money actually paid for a period of work, including pay for regular hours, overtime pay, bonuses and other remuneration.

11. The following rules of construction apply:

    a. The terms "all" and "each" shall be construed as both all and each.

    b. The term "any" means both any and all.

    c. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    d. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. In answering these interrogatories, you are required to furnish all information known or reasonably available to you, your agents, employees, servants, and representatives, and all those acting or purporting to act on your behalf, including information in the possession or control of your attorneys, investigators, and other representatives. If you do not possess information to answer an interrogatory, you shall make a reasonable effort to obtain such information.

2. If the answer to all or any part of an interrogatory is not known or otherwise not available to you, you must state so in response to the interrogatory and furnish all responsive information now known or otherwise available to you.

3. If precise information cannot be supplied, state the best estimation or approximation, designated as such.

4. Each interrogatory shall be answered fully, unless it is in good faith objected to, in which event the reasons for your objections shall be stated with specificity. If an objection pertains to only a portion of an interrogatory, or a word, phrase, or clause contained therein, you are required to state the objection to that portion only and to respond to the remainder of the interrogatory.

5. If any information responsive to an interrogatory is withheld under a claim of privilege, you shall set forth in writing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

6. If any interrogatory herein calls for the identification or reference to documents that you know to be missing, destroyed, or otherwise disposed of, you shall identify such documents and give particular details as to the disposition of each document, the identity of the person last known to have the document in his or her possession or subject to his or her control, and the identity of each person you have reason to believe had knowledge of the contents of the document, or received a copy of it.

7. Each interrogatory shall be deemed to be continuing in nature so as to require prompt supplemental responses in accordance with Fed. R. Civ. P. 26(e) if Plaintiff obtains or discover further information responsive to any interrogatory between the time of responding to these interrogatories and the time of trial.

8. Although some interrogatories may overlap with other interrogatories, each interrogatory shall be construed independently, and no interrogatory shall be read as limiting any other.

## INTERROGATORIES

1. Identify each payment made to you for work in the United States for any or all of the Defendants, including the date, amount, form of each payment (*e.g.*, cash, check, direct or other deposit), and the account into which such payment was deposited or transferred, or, if paid in cash, to whom it was paid.

2. State in U.S. dollars your total assets and total liabilities as of December 31, 2011, December 31, 2012, and September 15, 2014.

3. Identify each occasion on which you left 10686 Waterfalls Lane, Vienna, VA 22182, or any other residence maintained by one or more of the Defendants in the United States, unaccompanied by a member of the Defendants' family.

4. Identify each date between July 2012 and April 1, 2014, on which you used your passport for any purpose, including but not limited to transferring money to others via Moneygram or other means, and describe how you came into possession of your passport at those times.

5. Identify each person who witnessed any interaction in the United States between any of the Defendants and you and describe your knowledge thereof.

6. Identify each place in the United States at which you stayed overnight between July 2012 and the present and the dates spent overnight at each location.

7. Identify all filings by or on behalf of you to any agency or department of the United States Government, the Government of the Commonwealth of Virginia, and the Government of Fairfax County, including but not limited to the Social Security Administration, related to your presence or employment in the United States, and each person who participated in, was involved in, or was or responsible for each such filing.

8. Describe the purpose, motivation, plans, and all communications related to the reservation for a trip by you to Kenya that is reflected in documents produced to your attorneys by Defendants' attorneys on September 12, 2014, and identify whether you or any of the Defendants paid for the airplane tickets for that trip .

9. Identify any person who received money from you from July 28, 2012, to and including April 1, 2013, the amount that person received, and the financial institution, if any, that you used for that purpose.

10. Identify all persons other than Defendants with whom you communicated from July 28, 2012, to and including April 1, 2013, via social media, telephone, cell phone, e-mail, regular mail, or in-person contact, including but not limited to communications about your immigration status.

11. Identify anyone other than Defendants for whom you provided services between July 28, 2012, and the present.

12. Identify any individual or institution that has treated you for any medical or psychological condition or otherwise evaluated your physical or mental health between July 28, 2012, and the present, and state the dates of such treatment.

13. Identify any church you visited or attended on the dates of such visits or attendance, between July 28, 2012, and April 1, 2013.

14. Identify any financial institution from or at which you transferred any money to any person between July 28, 2012, and April 1, 2013.

Dated: September 30, 2014              Respectfully submitted,

  __/s/ Neil H. Koslowe_____
Neil H. Koslowe (*admitted pro hac vice*)
Shearman & Sterling LLP
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-508-8000
Email: neil.koslowe@shearman.com

*Attorney for the Saudi Family*

## CERTIFICATE OF SERVICE

I certify that today, September 30, 2014, I served the foregoing Defendants' First Set of Interrogatories on plaintiff by causing copies to be sent by e-mail and first-class mail, postage prepaid, to plaintiff's counsel of record:

Deborah Anne Yates
Wilmer Cutler Pickering Hale & Dorr, LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006


  _/s/__Neil H. Koslowe
Neil H. Koslowe
*Attorney*.