Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| WINFRED MUCHIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-770 |
| | ) | |
| HALAH AL-RAWAF, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' FIRST REQUEST TO PRODUCE DOCUMENTS

Defendants Halah Alrawaf, Ibraheem Alrashoudi, Fahad Alrashoudi, and Luluh Alrashoudi (collectively, the "Saudi Family") by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 34 and Local Civil Rule 26(C), request that plaintiff Winfred Muchira produce copies, or permit the Saudi Family to inspect and make copies, of the following documents, in accordance with the following definitions and instructions:

### DEFINITIONS

The following definitions and instructions apply to each of the discovery requests.

1.      "You" and "your" include the person or persons to whom these requests are directed and all present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

2.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, but not limited to, any documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding

party into a reasonably usable form—such as electronic or computerized data compilations, electronic chats, text messages, email communications, other electronically stored information from personal computers, voice recordings, handwritten notes, and hard copy documents.

3.      "Communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries or otherwise) between or among individuals in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or intermediary.

4.      "Relate" or "relating to" means relevant to, commenting upon, concerning, containing, embodying, reflecting, describing, evidencing, constituting, referring to, or used in connection with, and should be construed in the broadest sense.

5.      "Concerning" means referencing, relating to, describing, evidencing, reflecting, constituting, documenting, or recording.

6.      "Includes" or "including" means including/includes, without limitation; or including/includes but not limited to.

7.      "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the person's present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.      "Identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

9.      "Person" or "persons" includes any natural person or any business, legal, or governmental entity or association.

10.     "Plaintiff" means Winfred Muchira.

11.     "Defendants" means Halah Alrawaf, Ibraheem Alrashoudi, Fahad Alrashoudi, and Luluh Alrashoudi.

12.     "Complaint" refers to the Complaint filed in this action on June 23, 2014.

13.     "Job description" refers to an individual's job title and work responsibilities.

14.     "Compensation" refers to money actually paid for a period of work, including pay for regular hours, overtime pay, bonuses and other remuneration.

15.     The following rules of construction apply to all discovery requests:

   a.   The terms "all" and "each" shall be construed as both all and each.

   b.   The term "any" means both any and all.

   c.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   d.   The use of the singular form of any word includes the plural and vice versa.

### INSTRUCTIONS

1.      Each request for documents seeks production of the documents in their entirety, without abbreviation, modification, or redaction, including all attachments and materials affixed thereto.

2.      Each request for documents shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

3

3.      Each and every non-identical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

4.      These requests for production of documents apply to all documents in your possession, custody, or control, regardless of their location and regardless of whether such documents are held by you, your family members, agents, representatives, or attorneys, or by any other person.

5.      Electronically stored information is to be produced in an intelligible format or together with a description of the system from which the information was derived sufficient to permit rendering the material intelligible.

6.      If any document responsive to this request has been, but is no longer, in your possession, custody, or control because it has been destroyed, discarded, or placed outside of Defendants' custody or control, furnish a list specifying each such document and setting forth the following information:

      a.   the type of document;

      b.   the general subject matter of the document;

      c.   the date of the document;

      d.   the name(s) and address(es) of each person who prepared, received, viewed, and has or has had possession, custody, or control of the document.

7.      If any document or information responsive to any of the following Requests is being withheld on a claim of attorney-client privilege, work-product protection, or any other privilege:

      a.   identify the date, the author, and all recipients of the document or information;

     b.   describe the form of the document or communication (such as a memorandum, letter, voice recording, email, etc.);

     c.   describe generally the content of the document or the information withheld;

     d.   state the privilege upon which you rely and the grounds for the assertion of such privilege; and

     e.   identify all persons who have or have had access to the document or information being withheld.

8.    Under Fed. R. Civ. P. 26(e), you are required to make further or supplemental productions of responsive documents created, discovered, or acquired between the date of initial production and any time thereafter.

9.    If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection.

**REQUESTS**

1.    All documents related to Plaintiff.

2.    All documents related to any Defendant.

3.    All documents written by, signed by, addressed to, provided to, or referencing Plaintiff.

4.    All documents concerning communications between Plaintiff and any Defendant.

5.    All documents concerning communications between Plaintiff and any third party concerning any Defendant.

6.      All documents related to or containing any written, verbal, recorded, or any other kind of statement made by Plaintiff, Defendants, witnesses, potential witnesses, or any other persons relating to the claims or defenses in this action or any factual matter related thereto.

7.      All documents related to any of the claims asserted by Plaintiff in this lawsuit, including but not limited to Plaintiff's claim that she was removed from Defendants' home in Virginia by Fairfax County police on March 29, 2013.

8.      All documents identifying or related to the responsibilities of Plaintiff during her employment in the United States by one or more of the Defendants.

9.      All documents related to or demonstrating any oral or written agreements, employment contracts, or terms of employment that concern Plaintiff's employment in the United States by one or more Defendants or any family member of any Defendant.

10.     All documents related to Plaintiff's travel during the period of her employment in the United States by any Defendant.

11.     All documents related to or concerning hours worked or compensation paid to Plaintiff during her employment in the United States by any Defendant.

12.     All records related to Plaintiff's employment, work, or labor in the United States for one or more of the Defendants.

13.     All documents related to any bank or credit union account in Plaintiff's name, whether jointly with others or individually, or maintained for the benefit of Plaintiff, or in which funds paid to Plaintiff were deposited, including, but not limited to, statements, correspondence, PIN card or debit card information, online account records, and online login information.

14.     All documents related to any compensation, gratuities, or other forms of payment owed by or made by Defendants to, at the request of, or for the benefit of Plaintiff, including but

not limited to bank account records (paper and electronic),  withdrawal slips, checks, check

registers, payroll records, tax documents, and any other documentation or record of such

payments.

15.     All documents related to the days and hours worked by Plaintiff, the breaks in the

work day provided to Plaintiff, the regular wages paid to Plaintiff, the overtime wages paid to

Plaintiff, the days off allowed to Plaintiff, or any other aspect of Plaintiff's employment

conditions for work performed in the United States for one or more of the Defendants.

16.     All documents related to filings with federal or state governmental agencies in

reference to, or based upon, employment of Plaintiff in the United States by one or more of the

Defendants, including but not limited to social security payments, unemployment insurance

payments, and filings with the Internal Revenue Service, the Social Security Administration, and

any state department or agency involved in unemployment insurance payments.

17.     All documents related to any health care visits by Plaintiff to any doctor, clinic,

hospital, or other form of medical care during the time Plaintiff was employed by one or more of

the Defendants.

18.     All documents related to Plaintiff's attendance at any church service or other

church activity during the time Plaintiff was employed in the United States by one or more of the

Defendants.

19.     All documents related to Plaintiff's living conditions during the time she was

located at 10686 Waterfalls Lane, Vienna, Virginia, including but not limited to the location of

her room and the availability or unavailability of heat at that location in the house.

20.     All documents related to the alarm system used at 10686 Waterfalls Lane, Vienna, Virginia, and any communications with Plaintiff about the means of activating or deactivating that alarm system.

21.     All documents related to any mobile phone made available for Plaintiff's use and any instructions to Plaintiff regarding the use of that phone.

22.     All documents containing photographic, videographic, or digital images of Plaintiff.

23.     All documents related to Plaintiff's communications with members of her family or other persons in Kenya, including but not limited to telephone bills or records; mail; or electronic mail.

24.     All documents related to Plaintiff's communications with persons other than the Defendants, including but not limited to telephone bills or records, mail, electronic mail, or online postings in any form of social media.

25.     All documents related to David Murithi.

26.     All documents related to Rose Ngigi.

27.     All documents related to Victoria Hougham.

28.     All documents related to the Polaris Project.

29.     All documents related to Detective William Woolf.

30.     All documents related to Detective Anthony Erway.

31.     All documents related to Florence Muchira.

32.     all documents related to any and all applications for visas permitting Plaintiff to travel from Saudi Arabia to the United States as a household worker for one or more of the Defendants.

33.     All documents provided to Plaintiff regarding labor laws or the appropriate or legal treatment of domestic workers in the United States.

34.     All documents related to any and all requests or applications to extend the visa permitting Plaintiff to travel to the United States, or remain in the United States, as a household worker for one or more of the Defendants.

35.     All visas for travel to the United States for Plaintiff.

36.     All documents related to any communications between Plaintiff and the United States Departments of Homeland Security, Justice, Labor, and State; the Virginia Department of Labor and Industry; and any local government agencies in Fairfax County, Virginia.

37.     All documents concerning Plaintiff's income, assets, property, and jobs, from April 1, 2013, to and including the present.

38.     All social media and electronic messages and/or postings sent by Plaintiff, including but not limited to Twitter, Facebook, and Instagram, from July 28, 2012, to and including April 1, 2013; any such postings or messages sent between April 1, 2013, and the present that pertain to any of the Defendants or Plaintiff's employment in the United States; and any responses to such postings or messages in any language.

39.     All text messages sent or received by Plaintiff from July 28, 2012, through April 1, 2013.

40.     All documents pertaining to Plaintiff's immigration status between April 1, 2013, and the present.

41.     All documents supporting Plaintiff's computation of damages as set forth in Plaintiff's initial disclosures.

42.     All documents pertaining to Plaintiff's psychological and physical health between July 28, 2012, and the present, including medical records, treatment for any of the conditions or syndromes identified in the complaint and in Plaintiff's initial disclosures, and all communications about Plaintiff's health.


Dated: September 30, 2014                          Respectfully submitted,

                                                     /s/ Neil H. Koslowe
                                                   Neil H. Koslowe (*admitted pro hac vice*)
                                                   Shearman & Sterling LLP
                                                   801 Pennsylvania Avenue, N.W.
                                                   Washington, DC 20004
                                                   Telephone: 202-508-8000
                                                   Email: neil.koslowe@shearman.com

                                                   *Attorney for the Saudi Family*

### CERTIFICATE OF SERVICE

I certify that today, September 30, 2014, I served the foregoing Defendants' First Request to Produce Documents on plaintiff by causing copies to be sent by e-mail and first-class mail, postage prepaid, to plaintiff's counsel of record:

                         Deborah Anne Yates
                         Wilmer Cutler Pickering Hale & Dorr, LLP
                         1875 Pennsylvania Avenue, N.W.
                         Washington, DC 20006


                          /s/   Neil H. Koslowe
                         Neil H. Koslowe
                         *Attorney*.