Exhibit 5

**From:** Yates, Deborah [mailto:Deborah.Yates@wilmerhale.com]
**Sent:** Wednesday, October 29, 2014 12:10 PM
**To:** Neil H Koslowe
**Cc:** Weissman, Andy; Davis, Christina
**Subject:** RE: Muchira v. Alrawaf - objections

Neil,

I write in regard to our objection to providing information regarding plaintiff's employers since April 1, 2013, including her current employer. Plaintiff maintains this objection. Defendants' intention to seek discovery from plaintiff's employer constitutes a thinly-veiled effort to harass and intimidate the plaintiff and discourage her efforts to pursue the case against Defendants. Plaintiff fears that legal notices to her employer could imperil her employment.

We view this as a form of attempted intimidation akin to the experience Ms. Muchira went through with the defendants which is the subject matter of this action. The stated rationale for thrusting plaintiff's employer into the discovery process is to obtain observations about her from that person. The harm to Ms. Muchira of doing this is obvious. Yet, the purported information sought is readily available elsewhere, including from other witnesses whom defendants have already subpoenaed, and from the medical examination defendants are imposing on plaintiff under Rule 35. Moreover, the intimidation factor of threatened discovery from plaintiff's employer is heightened by the context: Ms. Muchira has already been subjected to intimidation by defendants, and the involvement of her new employer in the case communicates to her that the defendants want to project that conduct into the present and perhaps future. In the context of a case of this nature, the value of what is, at best, tangential discovery is far outweighed by the burden imposed on Ms. Muchira.

The threat of harassment and intimidation of the plaintiff resulting from discovery from the employer substantially outweighs the likely probative value, and plaintiff will not agree to provide the employer's identifying information.

Sincerely,
Deborah


Deborah Yates | WilmerHale
1875 Pennsylvania Avenue NW

Washington, DC 20006 USA
+1 202 663 6726 (t)
+1 202 663 6363 (f)
deborah.yates@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Neil H Koslowe [mailto:Neil.Koslowe@Shearman.com]
**Sent:** Monday, October 27, 2014 4:19 PM
**To:** Yates, Deborah
**Cc:** Weissman, Andy; Davis, Christina
**Subject:** RE: Muchira v. Alrawaf - objections

    Deborah – Pending more careful review, the only one of your objections that leaps out as still being problematic is the objection to producing the name of Ms. Muchira's current employer.  As I said during the "meet and confer," Ms. Muchira is seeking compensatory and punitive damages based, in part, on her allegation that she continues to suffer emotional distress, panic attacks, nightmares, and other psychological injuries from the mistreatment she alleges she suffered at the hands of defendants during the period she worked for them.  If that allegation is true, I would expect it would have some effect on her ability to work as a cleaning lady after leaving defendants' employ and continuing through today.  For example, those symptoms may have interfered with her performance as a cleaning lady or may have been apparent to her employer.  On the other hand, a sworn statement by an employer for whom Ms. Muchira worked after leaving defendants that she was always cheerful and never depressed would support defendants' contention that her claims of continuing psychological injury are either overstated or groundless.  Defendants therefore are entitled to know the name, address, and telephone number of each of Ms. Muchira's employers following her departure from defendants' employ, so they may seek discovery from them regarding Ms. Muchira's psychological well-being during her employment by them.

    I am willing to discuss other ways of resolving this problem, including a stipulation by Ms. Muchira to drop any claims of continuing psychological and emotional injury.  I await your response. – Neil.

**Sent:** Monday, October 27, 2014 3:48 PM
**To:** Neil H Koslowe
**Cc:** Weissman, Andy; Davis, Christina
**Subject:** FW: Muchira v. Alrawaf - objections

Dear Neil:

I write in regard to the issues you raised in our meet and confer last week regarding plaintiff's objections to defendants' document requests and interrogatories.  Our positions are as follows.

RFP 37, Rog 11

Defendants' raised plaintiff's objections to providing documents and interrogatory responses related to plaintiff's post-April 1, 2013 employment. In an effort to resolve the issue, plaintiff will agree to provide, in response to Interrogatory 11, what Ms. Muchira's title has been, what her job responsibilities have entailed, and what hours she has worked, since April 1, 2013 until the date of the complaint. We do not agree to provide the name of her employer(s).

RFPs 13 and 37

On our meet and confer, defendants requested information on the plaintiff's financial assets and liabilities after April 1, 2013. Plaintiff is not willing to withdraw the objections to document requests 13 and 37. However, in an effort to resolve the issue, plaintiff is willing to respond to an interrogatory asking for her financial assets as of the date of the answer.

RFP 25

Plaintiff objected to producing documents related to David Murithi that do not concern Defendants, Plaintiff's employment with Defendants, or employment of any domestic workers by Defendants. Defendants argue that plaintiff should produce any documents related to Mr. Murithi, regardless of topic and regardless of timeframe. We propose that plaintiff investigate whether any documents within plaintiff's possession, custody, or control would be withheld from production based on this objection. If no documents are at issue, the argument between the parties is moot.

RFP 40

Plaintiff objected to producing documents regarding Plaintiff's immigration status that do not concern Defendants or Plaintiff's employment with Defendants. When you raised this objection on the meet and confer, we further explained that to the extent Plaintiff has applied for and/or been granted any type of immigration status that relates to her experience with Defendants, we will produce documents. However, we have objected to producing immigration documents that do not have to do with Defendants. You responded that if plaintiff applied for a green card or permanent resident status, that could be relevant to defenses. To resolve the issue, plaintiff will agree to produce documents related to any applications for a green card or permanent residence status.

RFP 22

Plaintiff maintains the objection to providing photographs of plaintiff taken after April 1, 2013.

Rog 4

Plaintiff amends the objection to interrogatory number four from: "Plaintiff objects to the extent this interrogatory requests information from after April 1, 2013" to read "Plaintiff objects to the extent this interrogatory requests information from after the date on which Plaintiff was provided her passport by the Kenyan embassy in Washington, DC." Plaintiff maintains the objection to providing information from after that date.

Sincerely,
Deborah

**Deborah Yates | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6726 (t)
+1 202 663 6363 (f)
deborah.yates@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Neil H Koslowe [mailto:Neil.Koslowe@Shearman.com]
**Sent:** Thursday, October 23, 2014 10:57 AM
**To:** Yates, Deborah
**Cc:** Weissman, Andy; Moranis, Mitchell; Davis, Christina
**Subject:** RE: Muchira v. Alrawaf - objections

   Dear Deborah – That looks fine, but we reserve the right to renew objections after we review plaintiff's production. – Neil.

**From:** Yates, Deborah [mailto:Deborah.Yates@wilmerhale.com]
**Sent:** Thursday, October 23, 2014 10:30 AM
**To:** Neil H Koslowe
**Cc:** Weissman, Andy; Moranis, Mitchell; Davis, Christina
**Subject:** Muchira v. Alrawaf - objections

Dear Neil,

Following our meet and confer on October 22, 2014, Plaintiff agrees to modify the language of objections to Document Request Nos. 21, 22, 23, 24, 26, 38, 39, and 40 from "Plaintiff objects to the extent this request asks for documents that do not concern Defendants or Plaintiff's employment with Defendants" to "Plaintiff objects to the extent this request asks for documents that do not concern Defendants or the timeframe of Plaintiff's employment with Defendants."

I will be in touch regarding the other issues you raised with Plaintiff's objections.

Sincerely,
Deborah


**Deborah Yates | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6726 (t)

+1 202 663 6363 (f)
deborah.yates@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.


This communication and any attachments may be privileged or confidential. If you are not the intended recipient, you have received this in error and any review, distribution or copying of this communication is strictly prohibited. In such an event, please notify us immediately by reply email or by phone (collect at 212-848-4000) and immediately delete this message and all attachments.