IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| WINFRED MUCHIRA,<br><br>      Plaintiff,<br><br>vs.<br><br>HALAH AL-RAWAF,<br>IBRAHIM AL-RASHOUDI,<br>FAHAD AL-RASHOUDI,<br>LULUH AL-RASHOUDI,<br>10686 Waterfalls Lane<br>Vienna, VA 22182<br>Fairfax County<br><br><br>      Defendants. | Civil Action No. 1:14-cv-00770-AJT-JFA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY OR, IN THE ALTERNATIVE, FOR AN ORDER PRECLUDING RECOVERY FOR ALLEGED
EMOTIONAL INJURIES AFTER APRIL 1, 2013**

Plaintiff Winfred Muchira, by and through her undersigned counsel, respectfully opposes defendants' motion. As grounds for this opposition, Ms. Muchira states the following:

**Introduction**

This is a human trafficking case. Defendants formerly employed Ms. Muchira, bringing her from Kenya to Saudi Arabia and then to Virginia as their housemaid. While in defendants' employ, they subjected Ms. Muchira to involuntary servitude, forced labor, and document servitude, among other harms. Ms. Muchira escaped defendants on March 29, 2013. Since July 2013, Ms. Muchira has worked as a housekeeper at an apartment complex in Maryland.

Defendants ask the Court to require Ms. Muchira to disclose the name of her current employer. Defendants seek this information for the purpose of subjecting her employer to a

1

deposition. *See* Dkt. No. 49-6 at 3 (e-mail from Mr. Koslowe dated October 27, 2014). They claim that testimony from Ms. Muchira's employer will demonstrate whether she "has been suffering from any psychological or emotional injuries." Dkt. No. 49 at 2.

Ms. Muchira fears the negative repercussions that may result from defendants imposing this legal burden on her employer. Defendants' insistence on seeking discovery from Ms. Muchira's current employer represents a significant burden on her, and there is no basis for believing that her employer's testimony will add materially to the information defendants can otherwise gather about her psychological or emotional condition. Ms. Muchira also fears that defendants could use information about her employer to harm her or seek retribution. Especially given the nature of Ms. Muchira's past relationship with the defendants, she fears their request for discovery represents an attempt to intimidate her and discourage her from pursuing this case.

Defendants assert that they are entitled to learn the identity of Ms. Muchira's current employer because she alleges they "inflicted severe emotional and psychological injuries on her . . . and that she continues to suffer from some or all of those injuries to the present." Dkt. No. 49 at 1. Defendants are wrong; there are ample, less harmful and burdensome means of obtaining the information they seek. Indeed, defendants are currently pursuing those avenues. Defendants recently deposed Ms. Muchira's friend, Ms. Rose Ngigi, and had full opportunity to question her about Ms. Muchira's mental state. Defendants demanded that Ms. Muchira appear for an independent medical examination ("IME") under Fed. R. Civ. P. 35, which has already been scheduled. *See* Ex. A. Defendants subpoenaed documents and deposition testimony from a licensed social worker who personally observed Ms. Muchira's emotional state from the time of her escape through the present. *See* Ex. B. Ms. Muchira responded without objection to defendants' Interrogatory No. 12, which asked her to identify anyone "that has treated [her] for

2

any medical or psychological condition or otherwise evaluated [her] physical or mental health" since her escape. *See* Dkt. No. 49-2 at 6. Ms. Muchira further agreed to produce all documents related to any treatment of "any of the conditions or syndromes identified in the complaint," which include the emotional and psychological injuries that defendants seek to ask Ms. Muchira's employers about. *See* Dkt. No. 49-3 at 10. And Ms. Muchira herself is subject to deposition discovery by defendants about her mental and physical condition should they decide to pursue that.

All of these avenues can provide ample data about the "severe emotional and psychological injuries" Ms. Muchira continues to suffer. Despite imposing a significant burden on Ms. Muchira, they are proceeding without her objection. But defendants' effort to haul in Ms. Muchira's employer represents a far greater burden that could risk her livelihood. Defendants' insistence that Ms. Muchira's employer become entangled in this litigation seems more designed to impose a burden on her and instill fear and intimidation than it is designed to provide material information about the claims at issue in this case.

As a result, the Court should deny defendants' motion to compel. The identity of Ms. Muchira's current employer is beyond the scope of reasonable discovery for three reasons: (1) the discovery is embarrassing, oppressive, and unduly burdensome; (2) the discovery is highly unlikely to lead to material information probative of her emotional and psychological injuries; and (3) the discovery is at best cumulative of, and less probative than, information defendants can obtain using less burdensome means.

**Argument**

I. **LEGAL STANDARD**

A court should limit discovery where it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). "[T]he simple fact that requested information is discoverable . . . does not mean that discovery must be had." *Nicholas v. Wyndham Intern., Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). A court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including by "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c); *Singletary v. Sterling Transport Co.*, 289 F.R.D. 237 (E.D. Va. 2012) (quashing subpoena for evidence sought from plaintiff's prior employers and issuing a protective order over subpoenas to those employers pursuant to Rule 26(c)).

II. **THE BURDENS OF DISCLOSING MS. MUCHIRA'S CURRENT EMPLOYER OUTWEIGH ANY POTENTIAL BENEFIT**

    A. **Disclosing Ms. Muchira's Current Employer Will Cause Her Embarrassment, Oppression, and Undue Burden.**

Ms. Muchira legitimately fears the negative repercussions that will befall her if defendants are able to subject her employer to this action. She also fears that defendants could use information about her current employment to harm her or seek retribution for filing this suit. Courts recognize the "direct negative effect that disclosures of disputes with past employers can have on present employment." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010) (quotation omitted). This case is no different. There is a "legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job." *Graham v. Casey's Gen. Stores*,

206 F.R.D. 251, 256 (S.D. Ind. 2002).  That concern is particularly true in human trafficking cases, where victims fear that their traffickers will seek retaliation against them.  *See* Ex. C (excerpt from:  Daniel Werner and Kathleen Kim, *Civil Litigation on Behalf of Victims of Human Trafficking* at 12-15 (3d ed. Oct. 13, 2008) (describing the means courts have allowed trafficking victims to employ to avoid retaliation by a defendant/trafficker, including the issuance of protective orders over discovery)); Maria Tavano, *Trafficking in Persons: A Focus on Preventing Forced Labor*, 32 Women's Rts. L. Rep. 324, 352 n.225 (2011) (noting that "many victims cannot directly sue their captors out of fear of retaliation"); Kathleen Kim & Kusia Hreshchyshyn, *Human Trafficking Private Right of Action: Civil Rights for Trafficked Persons in the United States*, 16 Hastings Women's L.J. 1, 15 (2004) ("trafficked persons may be afraid of retaliation from traffickers or their associates either against themselves or family members here and abroad").  Ms. Muchira's fear that defendants could use information about her current employer to do her harm is thus well recognized in these types of cases.  And the specific harm caused by dragging an employer into the litigation process is likewise accepted by the courts.  Ms. Muchira has a reasonable belief that a subpoena to her current employer represents an attempt to coerce her to drop this litigation, just as she has been subject to coercion and intimidation by defendants in the past.  *See generally* Dkt. No.1, ¶¶ 14-77.

      Certainly, defendants are entitled to conduct reasonable discovery of Ms. Muchira's claims.  She does not argue otherwise and has not opposed discovery of other deeply personal facts.  However, allowing defendants to interject themselves into Ms. Muchira's employment, the key to supporting herself in this country free from defendants' control, appears designed to burden Ms. Muchira for bringing suit more than it is designed to gather information about the case.

5

Defendants can obtain the information they seek—information regarding Ms. Muchira's continuing mental and psychological state—through less intrusive means. As a result, disclosing the identity of Ms. Muchira's current employer is not warranted. *See Warnke*, 265 F.R.D. at 69 (subpoena from a past employer to a current employer in employment-related cases "if warranted at all, should be used only as a last resort" (citation omitted)).

      **B.    Disclosing Ms. Muchira's Current Employer Is Highly Unlikely To Lead to Material Information Probative of Her Emotional and Psychological Injuries.**

There is little connection between Ms. Muchira's emotional and psychological injuries and the topics that Ms. Muchira's current employer could testify about. Ms. Muchira alleges that defendants caused her a variety of emotional and psychological harms, including panic attacks, "Acute Stress Disorder, night terrors, waking in the middle of the night to feel disoriented, depression, persistent worry, anxiety, insomnia, a dissociative state, avoidance symptoms, and flashbacks, among other psychological harms." *See* Dkt. No. 1 ¶¶ 80-81. Some or all of these harms persist to this day. *Id.* ¶ 83.

The likelihood that Ms. Muchira's employer would provide critical insight into these emotional and psychological harms is remote. Some symptoms occur only at night (night terrors, insomnia, and sleep walking, for instance) when Ms. Muchira would not be expected to work. Other harms may not be noticeable to an employer (depression, worry, anxiety, and flashbacks), particularly if Ms. Muchira mustered the strength to hide manifestations of these harms during working hours. Even if Ms. Muchira's employer noticed her acting oddly, as defendants argue would be relevant to Ms. Muchira's claim (*see* Dkt. No. 49 at 5), her employer lacks the training or ability to diagnose which of her actions (if any) may be rooted in a lasting emotional and psychological harm caused by defendants. Ms. Muchira's current employer

6

cannot provide meaningful testimony about the information defendants say they are trying to obtain.

Defendants' arguments that deposing Ms. Muchira's current employer is critical to defending against her claim for punitive damages (*see* Dkt. No. 49 at 1) are misguided. Punitive damages are largely based on the reprehensibility of a defendants' conduct, which would remain regardless of any testimony by Ms. Muchira's current employer. *Carter v. Barker*, 225 F.3d 653 (4th Cir. 2000) (unpublished) (the "degree of reprehensibility of the defendant's conduct" is "perhaps the most important" factor in sustaining a punitive award) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996)).

      **C.**    **Information from Ms. Muchira's Current Employer Is, at Best, Cumulative of Information Defendants Can Obtain Through Less Oppressive Means.**

Defendants already have access to the information they seek. As one court noted, "the risk of the subpoena being used as a tool to harass Plaintiff in [her] current job, along with the risk of harming [her] relationship with [her] employer outweighs any need for Defendant[s] to obtain further confirmation of" evidence already available to them. *See Hunsaker v. Proctor & Gamble Mfg. Co.*, No. 09-2666-KHV, 2010 WL 5463244, at *6 (D. Kan. Dec. 29, 2010). That same logic applies here.

Defendants have noticed an IME of Ms. Muchira that will examine her past and present mental state. In defendants' own words, "[t]he scope of the examination will be to ascertain whether or to what extent Ms. Muchira has suffered or is suffering from the conditions she describes in her complaint and whether or to what extent such conditions were caused by defendants." *See* Ex. A. That is precisely the information defendants say they want to obtain from Ms. Muchira's current employer.

Additionally, defendants subpoenaed documents and deposition testimony from Ms. Victoria Hougham, a licensed social worker in regular contact with Ms. Muchira since her escape from defendants' home. *See* Ex. B. Ms. Hougham's interactions with Ms. Muchira go far beyond the cold "interview context" cited by defendants (*see* Dkt. No. 49 at 5), but rather represent a continued professional-patient relationship. Ms. Hougham will be able to testify as to Ms. Muchira's continuing mental state from the time Ms. Muchira escaped defendants' employ to the present. Although the intrusiveness of this discovery is apparent on its face, Ms. Muchira has not objected to it. Rather, she is facilitating it by waiving her social worker-client privilege.

In addition, defendants have already taken the deposition of Ms. Ngigi, a friend of Ms. Muchira. They had full opportunity to examine Ms. Ngigi at length on the issue of Ms. Muchira's mental condition during and after her ordeal with defendants.

Finally, Ms. Muchira is capable of describing how her emotional and psychological trauma affects her life. She already answered without objection defendants' interrogatory related to her psychological health and agreed to produce documents on that same issue. *See* Dkt. Nos. 49-2 at 6, 49-3 at 10. To the extent defendants have further questions for Ms. Muchira regarding her mental state, they are free to ask her during a deposition. *See Warnke*, 265 F.R.D. at 70 (quashing subpoena for records from a party's current employer where information could be obtained "through Plaintiff's deposition" and other "less intrusive means"); *Graham*, 206 F.R.D. at 256 n.4 (quashing subpoena to plaintiff's current employer where the requested evidence could be obtained via "interrogatories, or through [plaintiff's] deposition").

Defendants argue that these ample sources of discovery are insufficient because they are "no substitute for the testimony of employers who presumably have conversed with and observed [Ms.] Muchira at work on a day-to-day basis since" her escape. Dkt. No. 49 at 5-6.

8

But the testimony they seek—information regarding Ms. Muchira's current mental state, how that mental state may have manifested itself, and whether Ms. Muchira suffers from those harms on a daily basis—are available through each of the sources identified above. Each of those forms of discovery is far more likely to provide useful information than the speculation defendants make about Ms. Muchira's current employer. Defendants offer no explanation (because they cannot) as to why Ms. Muchira's current employer is likely to have more useful information about her ongoing emotional and psychological harms than an independent medical examiner, her social worker, her friend, and herself.

In sum, information from Ms. Muchira's current employer is highly unlikely to be probative to her claim of continued emotional and psychological harm, is cumulative of other evidence available to defendants, and exposing her employer to this case will cause her embarrassment, oppression and undue burden. The Court should therefore deny defendants' motion.[1]

### III. THE COURT SHOULD NOT PRECLUDE MS. MUCHIRA FROM RECOVERING FOR EMOTIONAL INJURIES THAT CONTINUED AFTER SHE ESCAPED FROM DEFENDANTS

Defendants alternatively propose that if they are not permitted to learn the identity of Ms. Muchira's current employer, then Ms. Muchira should not be permitted to recover damages for emotional harms that continued after she escaped from defendants. This request is unreasonable. Defendants seek to force Ms. Muchira to choose between exposing herself to embarrassment, oppression, and undue prejudice by disclosing her current employer, and limiting her recovery for continuing harms caused by defendants. Defendants provide no viable grounds for requiring

---

[1] Should the Court grant defendants' motion, plaintiff requests that the Court mandate that the identity of Ms. Muchira's current employer be disclosed only to defendants' counsel and the information be kept sealed.

this choice, particularly given that they have substantial means of gathering information to defend against Ms. Muchira's claim of emotional harm from sources other than her employer.

## Conclusion

For all of the foregoing reasons, plaintiff respectfully requests that the Court deny defendants' Motion To Compel Discovery or, in the Alternative, for an Order Precluding Recovery for Alleged Emotional Injuries after April 1, 2013.

DATED this 5th day of November, 2014     Respectfully submitted,

*/s/ Deborah A. Yates*
Deborah A. Yates (VA Bar No. 74773)
Robert A. Arcamona (admitted *pro hac vice*)
James L. Quarles III (VA Bar No. 44993)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
deborah.yates@wilmerhale.com
robert.arcamona@wilmerhale.com
james.quarles@wilmerhale.com

*Counsel for Plaintiff*

Of counsel:

Andrew B. Weissman (admitted *pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363

**CERTIFICATE OF SERVICE**

I certify that today, November 5, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Jonathan R. DeFosse
>Shearman & Sterling LLP
>801 Pennsylvania Avenue, N.W.
>Washington, DC 20004
>Email: jonathan.defosse@shearman.com
>
>Jay Martin McDannell
>Berlik Law LLC
>1818 Library Street
>Suite 500
>Reston, VA 20190
>703-718-0171
>Fax: 703-649-6459
>Email: jmcdannell@McDannellLaw.com

>*/s/ Deborah A. Yates*
>Deborah A. Yates
>WILMER CUTLER PICKERING
>    HALE AND DORR LLP
>1875 Pennsylvania Avenue, N.W.
>Washington, D.C.  20006
>Telephone: (202) 663-6000
>Fax: (202) 663-6363
>deborah.yates@wilmerhale.com
>
>*Counsel for Plaintiff*