**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| WINFRED MUCHIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-770 (AJT/JFA) |
| | ) | |
| HALAH AL-RAWAF, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO LIFT STATUTORY STAY**

Defendants Halah Alrawaf, Ibraheem Alrashoudi, Fahad Alrashoudi, and Luluh

Alrashoudi (collectively, the "Saudi Family") oppose the motion of plaintiff Winfred Muchira to

lift the stay the Court imposed on this action under 18 U.S.C. § 1595(b) two weeks ago.  The

Court stayed this action because it was informed by Ms. Muchira that the Department of Justice

had a pending criminal investigation into Ms. Muchira's allegations.  Ms. Muchira's motion to

lift the stay is based on a letter she received from the Justice Department stating that its

investigation has been concluded.  However, as Ms. Muchira knew when she filed this motion,

the Fairfax County (Va.) Police Department is in the process of obtaining criminal warrants to

present to the Commonwealth's Attorney of Fairfax County for prosecution against the Saudi

Family.  As a result of this open state criminal investigation into Ms. Muchira's allegations, 18

U.S.C. § 1595(b) mandates that this action continue to be stayed.

**STATEMENT**

On January 15, 2015, the Court granted the Saudi Family's motion to stay this action

under 18 U.S.C. § 1595(b) because it was informed by Ms. Muchira that there was an open

criminal investigation into her allegations against the Saudi Family by the Department of Justice. At the hearing on that motion, counsel for Ms. Muchira represented that the Justice Department told them it would close its criminal investigation within one week at Ms. Muchira's request, and that Ms. Muchira intended to make such a request.

After the Court issued the stay, counsel for the Saudi Family became concerned that there might be an open state criminal investigation into Ms. Muchira's allegations.  At his deposition on November 13, 2014, Detective William Woolf of the Fairfax County Police Department, who is in charge of the Fairfax County anti-trafficking unit and had removed Ms. Muchira  from the Saudi Family's home on March 29, 2013, refused to answer counsel's questions about any then-current investigations.  Detective Woolf, however, did testify to the effect that, if the federal government did not pursue a criminal case against the Saudi Family, he would do so because he believed he had probable cause under applicable Virginia law.[1]  Counsel did not know if  the Commonwealth's Attorney for Fairfax County or the Attorney General of Virginia then or now had an open law enforcement investigation into Ms. Muchira's allegations.[2]

Accordingly, on January 20, 2015, counsel for the Saudi Family sent a letter to counsel for Ms. Muchira, requesting that they find out whether the Commonwealth's Attorney for Fairfax County or the Attorney General of Virginia had an open law enforcement investigation into Ms. Muchira's allegations.[3]  The Saudi Family's counsel repeated his earlier statement in court that the Saudi Family did not desire and had no interest in a continued stay of this action, and he suggested that, if Ms. Muchira's counsel found out there were such an open law

---

[1] Declaration of Neil H. Koslowe, dated January 28, 2014 ("Koslowe Dec."), ¶ 2.

[2] *Id*.

[3] *Id*. ¶ 3 and Exhibit A to Koslowe Dec.

enforcement investigation, Ms. Muchira ask that it be closed, consistent with what her counsel represented to the Court that she was asking the Department of Justice to do.[4]  The Saudi Family's counsel pointed out that, by doing so, Ms. Muchira's counsel could save the Court and the parties time, effort, and expense on litigating the question of whether the stay should be lifted pending closure of any state criminal investigation.[5]

Ms. Muchira's counsel never responded to that letter.[6]

The following morning, on January 21, 2015, Ms. Muchira's counsel sent the Saudi Family's counsel an e-mail and a letter dated January 20, 2015, which they received from the Civil Right Division, Criminal Section, of the Department of Justice.[7]  The letter said that the Department of Justice concluded its investigation into Ms. Muchira's allegations and would not prosecute any of the members of the Saudi Family at the present time.[8]  Ms. Muchira's counsel informed counsel for the Saudi Family that, on the basis of this letter,  they intended to move the Court to lift the stay and were prepared to have a telephonic conference with counsel for the Saudi Family to discuss whether the Saudi Family would join in the motion.[9]

Counsel for the Saudi Family responded the same morning and said that, to maximize the utility of the telephone conference, it would be helpful to know whether Ms. Muchira's counsel had contacted the Commonwealth's Attorney for Fairfax County or the Attorney General of Virginia to ascertain if either had an open investigation into Ms. Muchira's allegations and, if

---

[4] Koslowe Dec. ¶ 3 and Exhibit A thereto.

[5] *Id*.

[6] *Id*. ¶ 4.

[7] *Id*. ¶ 5.

[8] The letter is annexed as Exhibit A to Ms. Muchira's motion to lift the current stay.

[9] Koslowe Dec. ¶ 5.

they did, whether they would close it upon Ms. Muchira's request.[10]  Counsel for Ms. Muchira proposed that the parties discuss it that afternoon during the telephone conference.[11]

The parties' counsel had a telephonic conference later that afternoon.[12]  Counsel for the Saudi Family said there were two reasons why the Saudi Family could not join in the motion to lift the stay.  First, it was not clear from the Justice Department letter whether only the Civil Rights Division had closed its investigation into Ms. Muchira's allegations or whether all components of the Justice Department, including the United States Attorney for the Eastern District of Virginia, had done so.  Second, because Ms. Muchira's counsel had not responded to the letter from the Saudi Family's counsel, the Saudi Family's counsel did not know whether there was an open criminal investigation by the Commonwealth's Attorney for Fairfax County or the Attorney General of Virginia into Ms. Muchira's allegations, or if there was such a state criminal investigation, whether Ms. Muchira had asked that it be closed.[13]

To the bewilderment of the Saudi Family's counsel, Ms. Muchira's counsel refused to discuss either of these issues and refused to say whether Ms. Muchira would seek to close any state criminal investigation in the same way she had requested that the Justice Department close its investigation.[14]  Instead, Ms. Muchira's counsel said that, notwithstanding the issues raised by the Saudi Family's counsel, they would be moving the next day to lift the stay.[15]

---

[10] Koslowe Dec. ¶ 6.

[11] *Id.*

[12] *Id.* ¶ 7.

[13] *Id*. ¶ 8.

[14] *Id.* ¶ 9.

[15] *Id.*

Without any assistance from Ms. Muchira's counsel, the Saudi Family's counsel attempted to resolve both issues on January 21. Counsel spoke to Matthew Grady, the Justice Department attorney who wrote the letter to Ms. Muchira's counsel, and Mr. Grady confirmed that no component of the Justice Department, including the United States Attorney for the Eastern District of Virginia, has an open criminal investigation into Ms. Muchira's allegations.[16] Counsel also e-mailed Detective Woolf and sent him the Justice Department letter that Ms. Muchira's counsel had received.[17] Counsel asked Detective Woolf whether the Commonwealth's Attorney for Fairfax County or the Attorney General of Virginia had an open criminal investigation into Ms. Muchira's allegations against the Saudi Family.[18]

Detective Woolf responded by e-mail as follows:

> In light of the decision by the US Department of Justice declining prosecution of your clients, the Fairfax County Police Department will be obtaining criminal warrants and presenting them to the Commonwealth Attorney for Fairfax County for prosecution.
>
> If you will be representing them on the criminal charges as well and would like to arrange for their surrender please let me know and I would be happy to accommodate.[19]

Counsel for the Saudi Family do not know whether Ms. Muchira's counsel have ever inquired into the open criminal investigation and potential prosecution by the Commonwealth's

---

[16] Koslowe Dec. ¶ 10 and Exhibit B thereto.

[17] *Id.* ¶ 11.

[18] *Id.*

[19] *Id.* and Exhibit C thereto.

Attorney for Fairfax County.[20]  Counsel for the Saudi Family also do not know whether Ms. Muchira has requested that this investigation be closed.[21]

## ARGUMENT

There are two questions presented by this Opposition:  (i) whether a pending state criminal investigation triggers the mandatory stay provision in 18 U.S.C. § 1595(b), and (ii) if it does, whether there is a pending state criminal investigation into Ms. Muchira's allegations against the Saudi Family.  The answer to both questions is yes.

<u>First</u>, the text of 18 U.S.C. § 1595(b) makes no distinction between federal and state criminal investigations.  It provides: "(1) Any civil action under this section shall be stayed during the pendency of ***any*** criminal action arising out of the same occurrence in which the claimant is a victim," and "(2) [i]n this subsection, a 'criminal action' includes investigation and prosecution until final adjudication in the trial court (emphasis added)."  The Court already has held that the Saudi Family has standing to invoke this statute, that the statute applies even if there is only an investigation pending, and that, as applied to this case, it requires that the entire action be stayed.  Although the Court did not accept the Saudi Family's argument that an investigation by the Department of State triggers the statute's stay provision, that was because the Department of State lacks prosecutorial authority and, in the Court's view, the statute's stay provision is triggered only if there is pending a criminal investigation by an entity that has prosecutorial authority.  The Commonwealth's Attorney for Fairfax County does have prosecutorial authority. Therefore, under the text of the statute, a pending state criminal investigation triggers the statute's stay provision.

---

[20] Koslowe Dec. ¶ 12.

[21] *Id.*

Second, the legislative history of 18 U.S.C. § 1595(b) confirms that it applies to pending state criminal investigations.  When Congress looked to assist victims of trafficking, proposals to amend existing law included (i) allowing victims to obtain a "T" visa by cooperating not only with federal law enforcement authorities but also state and local law enforcement authorities, and (ii) conferring a private right of action upon such victims.  H.R. Rep. 108-264 (II) (2003).  The Justice Department objected to the first proposal because it was concerned about reconciling possibly conflicting factual conclusions made by various federal, state, and local law enforcement authorities.  Id. at 14-16.  It objected to the second proposal as well, but it suggested that, if a private right of action were created, any civil case should be stayed pending the conclusion of any criminal prosecution, without distinguishing between federal and state prosecutions.  Id. at 17.

As enacted, the law (i) creates a private right of action (18 U.S.C. § 1595(a)), under which Ms. Muchira has brought her trafficking claims, (ii) includes the mandatory stay provision at issue here (18 U.S.C. § 1595(b)), *and* (iii) allows victims to obtain a "T" visa by cooperating not only with federal law enforcement officials but also with state and local law enforcement officials (8 U.S.C. § 1184(o)(6)).[22]  It would make no sense to construe the unrestricted stay provision in 18 U.S.C. § 1595(b) to exclude pending state criminal investigations, which are often initiated and maintained on the basis of cooperation by victims, when such cooperation by victims with state law enforcement officials is expressly included in 8 U.S.C. § 1184(o)(6) as a basis for a "T" visa.

---

[22] This statute provides: "In making a determination under section 1101(a)(15)(T)(i)(III)(aa) of this title [granting a "T" visa] with respect to an alien, *statements from State and local law enforcement officials that the alien has complied with any reasonable request for assistance in the investigation or prosecution of crimes* such as kidnapping, rape, slavery, or other forced labor offenses, where severe forms of trafficking in persons (as defined in section 7102 of Title 22) appear to have been involved, shall be considered (emphasis added)."

Here, there should be no serious doubt that there is a pending state criminal investigation into Ms. Muchira's allegations against the Saudi Family.  Although it may not be apparent from Detective Woolf's e-mail whether the Commonwealth's Attorney has decided to issue criminal warrants and prosecute, or to what stage any prosecution has reached, it is abundantly clear that there is a pending state criminal investigation into Ms. Muchira's allegations.  That is sufficient to trigger the mandatory stay provision in 18 U.S.C. § 1595(b).

It also should be remembered that the Court's present stay was entered on the basis of the bare one-line representation by Ms. Muchira's counsel that they learned there was an open criminal investigation by the Justice  Department into her allegations.  Opp. to Defs. Mot. for Statutory Stay at 1.  That representation was not supported by any statement, written or otherwise, from the Justice Department itself.   To date, the Saudi Family has no idea what information the Justice Department provided to Ms. Muchira's counsel about the scope of its then-current criminal investigation.

The *laissez-faire* attitude by Ms. Muchira and her counsel toward 18 U.S.C. § 1595(b) is inexplicable and unjustified.[23]  This civil action is brought by Ms. Muchira, and she and her counsel have a responsibility to assist the Court and the Saudi Family in determining whether it may go forward consistent with federal law.  They should have ascertained whether there was or is a pending federal and state criminal investigation into Ms. Muchira's allegations more than seven months ago.  Had they done so, this action might have looked far different from the way it looks today, if it would have been brought at all.

---

[23] Thus, for example, the only response Ms. Muchira has made to Detective Woolf's message is to say that "Plaintiff expect [sic] Defendants to now seek to use their exposure to state prosecution as a basis to continue the stay." Motion to Lift Statutory Stay at 1.

8

The Saudi Family has repeatedly asserted that it has no desire for or interest in a stay of this action.  However, Ms. Muchira has brought claims under 18 U.S.C. § 1595 and this Court must apply the stay provisions of that law.  Until the pending state criminal investigation into Ms. Muchira's allegations is resolved, the Court is bound by 18 U.S.C. § 1595(b) to stay this civil action in its entirety and deny Ms. Muchira's motion to lift that stay.[24]

Dated: January 28, 2015

Respectfully submitted,

   /s/ Jay M. McDannell
Jay M. McDannell (VA Bar No. 45630)
Luisa Caro (*pro hac vice*)
Erica J. Mueller
Potomac Law Group, PLLC
1300 Pennsylvania Avenue, N.W.
Suite 700
Washington, DC 20004
Telephone: 703-718-0171
Email: jmcdannell@potomaclaw.com

Neil H. Koslowe (*pro hac vice*)
Shearman & Sterling, LLP
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-508-8118
Email: neil.koslowe@shearman.com

*Attorneys for Defendants*

---

[24] At the discovery motion hearing held in this Court on January 16, 2015, the parties and Magistrate Judge Anderson expressed some uncertainty as to the scope and application of the stay this Court issued on January 15, 2015.  The Saudi Family respectfully suggests that, if the Court denies Ms. Muchira's motion and keeps the current stay in effect, it clarify the scope and application of the stay to the parties' actions and the current pre-trial and trial deadlines, including whether the stay applies to any motions for summary judgment.

## CERTIFICATE OF SERVICE

I certify that today, January 28, 2015, I electronically filed the foregoing Opposition to

Plaintiff's Motion to Lift Stay with the Clerk of the Court using the CM/ECF system, which will

automatically send a notification of such filing (NEF) to the following:

> Deborah Anne Yates
> Wilmer Cutler Pickering Hale & Dorr, LLP
> 1875 Pennsylvania Avenue, N.W.
> Washington, DC 20006
> Email:  deborah.yates@wilmerhale.com

>   /s/ Jay M. McDannell
> Jay M. McDannell (VA Bar No. 45630)
> Potomac Law Group, PLLC
> 1300 Pennsylvania Avenue, N.W.
> Suite 700
> Washington, DC 20004
> Telephone:  703-718-0171
> Email: jmcdannell@potomaclaw.com