**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| WINFRED MUCHIRA,<br><br>                      Plaintiff,<br><br>  vs.<br><br>HALAH AL-RAWAF,<br>IBRAHIM AL-RASHOUDI,<br>FAHAD AL-RASHOUDI,<br>LULUH AL-RASHOUDI,<br>10686 Waterfalls Lane<br>Vienna, VA 22182<br>Fairfax County<br><br>                      Defendants. | Civil Action No. 1:14-cv-00770-AJT-JFA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO LIFT THE STATUTORY STAY**

**INTRODUCTION**

Defendants concede that there is no longer an active Department of Justice ("DOJ") criminal investigation relevant to this case. *See* Dkt. No. 112 at 5. That alone should suffice to lift the stay. However, Defendants now—for the first time—argue that a stay should remain pending a Fairfax County investigation. They are incorrect. First, there does not appear to be any current Fairfax County investigation, but rather only an email stating that the Fairfax County police will ask the Commonwealth's Attorney to investigate Defendants *if* they ever return to Fairfax County. That event appears unlikely to ever occur. Second, the county-level activities on which Defendants rely appear to have been triggered by their counsel's actions. Third, the

stay provision of 18 U.S.C. § 1595(b) was never meant to allow a defendant to spur local law enforcement activity in order to achieve a stay of civil human trafficking liability. Section 1595(b) only applies to *federal* criminal investigations and prosecutions. Fourth, Plaintiff is not aware of any case in which Section 1595(b) was invoked on the basis of a state prosecution (nor do Defendants cite such a case) and, in fact, Defendants' reading of the statute would cause considerable Constitutional concerns. This Court should lift the stay.

## ARGUMENT

The Court previously ruled that a stay would issue pending confirmation that the "DOJ criminal investigation has been closed, following which, the plaintiff shall file a motion to lift the stay." *See* Dkt. No. 98. Pursuant to that Order, Plaintiff obtained a letter from the DOJ confirming that it "has concluded its investigation" and moved to lift the stay in this case. *See* Dkt. No. 105-1. Plaintiff has complied fully with the Court's Order and thus, the stay should be lifted. Defendants' arguments in opposition are unavailing.

### A.     There Is No Evidence of an Active Investigation or Prosecution in Fairfax County.

Seeking a new basis to postpone civil liability, last week Defendants advanced for the first time their argument that a stay is warranted because Fairfax County might be conducting an investigation into Defendants' human trafficking. The sole support for this argument is Fairfax County Police Department Detective William Woolf's January 21, 2015 e-mail. In total, it states:

> In light of the decision by the US Department of Justice declining prosecution of your clients, the Fairfax County Police Department will be obtaining criminal warrants and presenting them to the Commonwealth Attorney for Fairfax County for prosecution.
>
> If you will be representing them on the criminal charges as well and would like to arrange for their surrender please let me know and I would be happy to accommodate.

*See* Dkt. No. 112 at 5.

Thus, it is clear that *if* Defendants return to Fairfax County, then they may be investigated and prosecuted by the Commonwealth's Attorney. However, there is no indication that, in the absence of that condition occurring, Virginia is doing anything to further investigate the human trafficking in which Defendants engaged. The likelihood that Defendants will ever return to Virginia is remote: all Defendants remaining in the United States at the time Plaintiff filed her civil action left the country within days and have told others that they do not plan to return.[1]

Other courts have rejected evidence of a speculative criminal investigation, like Detective Woolf's e-mail, for fear of trafficking victims "having their trial[s] delayed indefinitely by a civil defendant who merely theorizes that an investigation might possibly be ongoing." *Koblek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 4:10.cv.4124, 2011 WL 5188424, at *2 (W.D. Ark. Oct. 31, 2011) (denying a stay after a DOJ prosecutor publically stated that "[t]his investigation [into the defendant's actions] is not over"). All Detective Woolf's e-mail states is that because the DOJ has closed its investigation, he is presenting criminal warrants that could result in the prosecution of the Defendants if they ever return to Fairfax County. The Court should reject Defendants' request for a stay based on the remote possibility that Defendants will ever return.

---

[1] Ms. Muchira served her Complaint on June 24, 2014. *See* Dkt. No. 27-2 ¶ 4 (declaration of process server). Defendants Fahad Al-Rashoudi and Luluh Al-Rashoudi left the United States on June 28, 2014. *See* Dkt. Nos. 15-3 ¶ 5 (Declaration of Defendant Fahad Al-Rashoudi); 15-4 ¶ 5 (Declaration of Defendant Luluh Al-Rashoudi). Both of these defendants are currently enrolled at Catholic University in the U.S., as they were before, but are not attending. *See* Exhibit A at 6-7 (Defendants' Response to Plaintiff's Interrogatory No. 13). Defendant Fahad Al-Rashoudi told the family's U.S. landlord that Defendants cannot "come back to the U.S. for the time being until they resolved" Ms. Muchira's claims. *See* Exhibit B at 50:15-20 (deposition testimony of Defendants' U.S. landlord).

Further, Defendants' argument that Detective Woolf's e-mail is adequate to keep the stay in place conflicts with this Court's prior ruling. As Defendants concede, the Court rejected their earlier argument that a State Department investigation implicates Section 1595(b) because that agency "lacks prosecutorial authority." *See* Dkt. No. 112 at 6. The Fairfax County Police Department similarly lacks "prosecutorial authority." It is only the Commonwealth's district attorneys who may prosecute criminal actions. And yet, Detective Woolf's email reflects that the Commonwealth's Attorney ***does not*** have any currently open investigation into Defendants' activities. Rather, Detective Woolf's email states only that he is planning to ask the Commonwealth's Attorney to take action. There is no indication that the Commonwealth's Attorney will agree to do so, much less that it would even consider doing so unless and until Defendants return to the Commonwealth.

B. The "Investigation" On Which Defendants Rely Was Instituted On Their Request.

It appears that Detective Woolf's indication that the Fairfax County Police may present the Commonwealth's Attorney with criminal warrants was triggered by Defendants' counsel forwarding the DOJ closing letter to him. *See* Dkt. No. 113-3 (exhibit 3). The anti-trafficking statute was never meant to be available as a tool for human traffickers to avoid civil liability under Section 1595(a) by encouraging local authorities to investigate their criminal activities after they have left the country. Quite the opposite: the anti-trafficking statute was intended to "prevent trafficking in persons, to ensure punishment of traffickers, and to protect their victims" through both civil and criminal means. H.R. Rep. No. 108-264 (II), 2003 WL 22272907, at *2 (Sept. 29, 2003); *see Plaintiff A v. Schair*, 744 F.3d 1247, 1254 (11th Cir. 2014) (stating that Section 1595(b) "was not designed to help a defendant delay a U.S. civil action"); *Koblek*, 2011 WL 5188424, at *2 (allowing alleged traffickers to stay civil litigation "would be nonsensical

and contrary to the statute's purpose"). The Court should not find that Defendants can precipitate a local criminal investigation in order to obtain a civil stay under Section 1595(b).

        C.        18 U.S.C. § 1595(b) Applies Only To Federal Criminal Actions.

Even if Defendants have demonstrated an ongoing criminal investigation (which they have not), Section 1595(b) still does not apply here. The statute applies only to *federal* criminal investigations.

Section 1595(b) allows for a stay pending "any criminal action." Defendants have misread the phrase "any criminal action" to encompass any and all investigations pursued by a multitude of organizations ranging from the U.S. State Department, *see* Dkt. No. 71 at 5-6, to the Fairfax County Police Department, *see* Dkt. No. 112 at 6. But the term "any criminal action" in the statute does not refer to an unrestricted class of investigations. *See United States v. Alvarez-Sanchez*, 511 U.S. 350, 357 (1994) ("[R]espondent errs in placing dispositive weight on the broad statutory reference to 'any' law enforcement officer or agency without considering the rest of the statute."). Rather, the statute's plain meaning, context, and history demonstrate that Section 1595(b) was intended to apply only to *federal* criminal investigations. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 234 (2008) (noting a "longstanding recognition that a single word must not be read in isolation but instead defined by reference to its statutory context.").

First, this Court already held that the statutory term "any criminal action" does not mean any and all investigations. In the previous hearing, the Court rejected Defendants' argument that Section 1595(b) applied to a State Department "criminal investigation," *see* Dkt. No. 71 at 6, and stated that "whether a stay is appropriate depends on whether there is a pending ***Department of Justice*** criminal investigation." *See* Exhibit C at 13:22-14:3 (emphasis added). Defendants' current argument that a Fairfax County investigation requires a stay is no more than a rephrasing

of their previously asserted—and rejected—argument that "any criminal action" means any and all investigations with possible criminal repercussions.

Second, the statutory context of Section 1595(b) demonstrates that the law is limited to federal criminal investigations and DOJ prosecutions. The statute allows for a stay "until final adjudication in the trial court." 18 U.S.C. § 1595(b). By "trial court," Congress referred to a United States district court—the only court in which trafficking violations under Title 18 may be tried. *See* Fed. R. Crim. P. 1(b)(2) (defining "court" as "a ***federal*** judge performing functions authorized by law") (emphasis added); *Plaintiff A v. Schair*, Case No. 2:11-cv-00145, Dkt. No. 31 at 7 (N.D. Ga. Nov. 28, 2013) (finding that Section 1595(b) applies only to ***federal*** investigations and proceedings, noting that "the word 'any' appears in a section authorizing a civil cause of action 'in an appropriate district court of the United States'"), *appeal dismissed on other grounds*, 744 F.3d 1247 (11th Cir. 2014) (Exhibit D). Only federal prosecutors may bring criminal trafficking cases in the United States district courts.

Third, the legislative history of Section 1595(b) provides further insight. Section 1595(b) was enacted at the request of ***the DOJ*** with the specific purpose of enabling ***the DOJ*** to efficiently conduct criminal prosecutions of human traffickers. *Schair,* 744 F.3d at 1254 (stating that Section 1595(b) was added to the anti-trafficking statute "to alleviate ***the U.S. Department of Justice's concern*** that civil suits could hinder a *domestic* prosecutor's ability to try criminal cases." (bold italics added)); *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549 (S.D.N.Y. 2012) (stating that Section 1595(b) was intended "to allay" ***the DOJ's concern*** about the private right of action included in the anti-trafficking statute). Nowhere in the legislative history is there any mention of the stay provision being enacted to protect state- or county-level criminal

investigations, as Defendants assert. *Compare* Dkt. No. 112 at 7, *with* H.R. Rep. No. 108-264 (II), 2003 WL 22272907, at *16-17.

Rather than address the legislative history of 1595(b), Defendants instead point the Court to a separate provision of the anti-trafficking statute unrelated to the private right of action or the stay provision. *See* Dkt. No. 112 at 7. Whether Congress intended immigration status to be contingent on cooperation with state- or county-level investigations is irrelevant to whether Congress intended a state- or county-level investigation to warrant a stay to a civil human trafficking trial. Defendants conflate these two issues without any textual, contextual, or historical support. Rather, the statute itself, its context, and its history decisively show that Section 1595(b) applies only to *federal* criminal investigations.

The only court to have ruled on the scope of the term "any criminal action" in Section 1595(b) found it "limited to any *federal* criminal prosecution." *Plaintiff A*, Case No. 2:11-cv-00145, Dkt. No. 31 at 8 (Exhibit D). The question in that case was whether a Brazilian criminal investigation of the defendant required a stay under Section 1595(b). The defendant argued that the statute's use of the term "any" required a stay pending the conclusion of "any and all" criminal investigations, including non-federal investigations. *See id.* at 6. The Northern District of Georgia expressly rejected the defendant's argument, finding that the statute applied only to *federal* criminal investigations and prosecutions. *Id.* at 8. This Court should similarly reject Defendants' argument that the statutory phrase "any criminal action" means any and all potential criminal investigations.

    D.    <u>Courts Have Only Applied Section 1595(b) To Federal Criminal Actions And The Constitution Forbids State Laws From Staying Federal Civil Trafficking Cases.</u>

Courts have *only* invoked Section 1595(b) in instances of pending federal investigations or prosecutions by the DOJ. *See* Dkt. No. 86 at 7 n.3 (citing all trafficking cases applying

Section 1595(b) of which Plaintiff is aware). Defendants' position that a stay is mandated by a county-level investigation is unprecedented.

Indeed, staying a federal civil trafficking case in light of a state- or county-level investigation would raise considerable Constitutional concerns. Under the Constitution's Supremacy Clause, state law must yield to federal law when it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1753 (2011) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). Congress enacted the TVPRA "to prevent trafficking in persons, ***to ensure punishment of traffickers***, and to protect their victims," H.R. Rep. No. 108-264 (II), 2003 WL 22272907, at *2 (emphasis added). Congress sought to achieve these goals by allowing trafficking victims to file a civil suit against their traffickers in district court. No state action may interfere with Congress' decision to grant trafficking victims that right. *See Baltimore & O.R. Co. v. Kepner*, 314 U.S. 44, 53-54 (1941) (state has no authority to interfere with a privilege granted by federal statute); *Riggs v. Johnson County*, 73 U.S. 166, 195 (1867) ("State laws . . . cannot in any manner limit or affect the operation of the process or proceedings in the Federal courts."); *General Atomic Co. v. Felter*, 434 U.S. 12, 18-19 (1977) (states may not restrict the right to pursue federal remedies in federal actions).

Defendants argue that a stay should remain in place because they may be charged under the Commonwealth of Virginia's criminal laws. *See* Dkt. No. 112 at 8. They contend that just the possibility of a Commonwealth criminal case ***requires*** a stay to this civil trafficking case.[2] But state law cannot serve as an impediment to the "accomplishment and execution of the full

---

[2] Defendants have consistently argued that once the requirements of Section 1595(b) are met, the Court has no discretion and must stay a civil case. *See* Dkt. No. 112 at 9.

- 9 -

purposes and objectives of Congress," which in this case is to allow trafficking victims to bring civil claims against their traffickers in district court. *See AT&T Mobility LLC*, 131 S. Ct. at 1753.

## CONCLUSION

The Court issued a stay pending confirmation from the DOJ that it has closed its investigation. Plaintiff provided the Court with that confirmation and thus the stay should be lifted. Defendants' contentions that the stay should remain in place are unavailing. Defendants have not put forth sufficient evidence that the stay must remain in place and in any event, Section 1595(b) applies only to *federal* criminal investigations. As a result, Plaintiff respectfully requests that the Court lift the stay on this case.

Date: January 29, 2015   Respectfully submitted,

*/s/ Deborah Anne Yates*
Deborah Anne Yates (VA Bar No. 74773)
deborah.yates@wilmerhale.com
James L. Quarles III (VA Bar No. 44993)
james.quarles@wilmerhale.com
Gregory H. Lantier (VA Bar No. 65657)
gregory.lantier@wilmerhale.com
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: 202-663-6000
Fax: 202-663-6363

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

  I certify that today, January 29, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Jay M. McDannell (VA Bar No. 45630)
> Potomac Law Group, PLLC
> 1300 Pennsylvania Avenue, N.W.
> Suite 700
> Washington, DC 20004
> Telephone: 703-718-0171
> Email: jmcdannell@potomaclaw.com

> */s/ Deborah Anne Yates*
> Deborah Anne Yates (VA Bar No. 74773)
> deborah.yates@wilmerhale.com
> WILMER CUTLER PICKERING HALE &
> DORR LLP
> 1875 Pennsylvania Avenue, N.W.
> Washington, D.C. 20006
> Telephone: 202-663-6000
> Fax: 202-663-6363