# Exhibit C

1

```
 1              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
 2                 ALEXANDRIA DIVISION

 3  WINFRED MUCHIRA,            )  Case 1:14-cv-00770
                               )
 4              Plaintiff,     )
                               )
 5        v.                   )  Alexandria, Virginia
                               )  January 15, 2015
 6  HALAH AL-RAWAF, et al.,    )  10:04 a.m.
                               )
 7              Defendants.    )
    _____)  Pages 1 - 18
 8

 9                    TRANSCRIPT OF

10       DEFENDANTS' MOTION FOR STATUTORY STAY

11                        AND

12          FINAL PRETRIAL CONFERENCE

13     BEFORE THE HONORABLE ANTHONY J. TRENGA

14        UNITED STATES DISTRICT COURT JUDGE

15

16

17

18

19

20

21

22

23

24

25     COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

Rhonda F. Montgomery   OCR-USDC/EDVA   (703) 299-4599

1  APPEARANCES:

2  FOR THE PLAINTIFF:

3       GREGORY H. LANTIER, ESQUIRE
        ROBERT A. ARCAMONA, ESQUIRE, *pro hac vice*
4       DEBORAH YATES, ESQUIRE
        WILMER, CUTLER, PICKERING, HALE & DORR, LLP
5       1875 Pennsylvania Avenue, N.W.
        Washington, D.C.  20006
6       (202) 663-6000

7  FOR THE DEFENDANTS:

8       NEIL H. KOSLOWE, ESQUIRE, *pro hac vice*
        THOMAS B. WILNER, ESQUIRE
9       SHEARMAN & STERLING, LLP
        801 Pennsylvania Avenue, N.W.
10      Washington, D.C.  20004
        (202) 508-8118
11
        JAY M. McDANNELL, ESQUIRE
12      LUISA CARO, ESQUIRE, *pro hac vice*
        ERICA MUELLER, ESQUIRE
13      POTOMAC LAW GROUP
        1300 Pennsylvania Avenue, N.W., Suite 700
14      Washington, D.C.  20004
        (202) 204-3005

15

16

17

18

19

20

21

22

23

24

25

1   them to do that and Justice closes, I'm assuming State

2   will also.  Then we can go forward with the trial.

3           We have no interest, Your Honor, in a delay.

4   We have -- contrary to what the plaintiff alleges, we

5   have no interest in delaying.  This was not something

6   tactical or strategical on our part.  It's actually

7   something the plaintiff and the Justice Department

8   should have taken care of six months ago.  We did it as

9   soon as we found out there was an open investigation.

10          THE COURT:  Well, the State Department could

11  be investigating for reasons completely unrelated to

12  any prospective or possibility of criminal action;

13  couldn't it?

14          MR. KOSLOWE:  It could.  But in its letter to

15  us, it said, We have an open investigation into

16  Ms. Muchira's claims.  Now, her claims include her

17  trafficking claims in the civil action.  They didn't

18  say which claims.  So I don't know which claims.

19          THE COURT:  All right.  I understand.

20          All right.  Let me just take up first this

21  issue of the stay.  The issue is whether

22  Section 1595(b) requires a stay in this action.  I've

23  reviewed the briefing and conclude the following:

24          First, it seems to me that the defendants

25  have the right and the legal ability to request a stay

1  upon a proper showing that a criminal action is, in

2  fact, pending.  In that regard, there's nothing in the

3  statute that would suggest that the stay must be

4  asserted by the Department of Justice or some other law

5  enforcement agency by way of intervention or otherwise.

6  Although, there is some logic to the position that,

7  given the reason for which the stay provision was

8  included, it would be for the benefit of the Department

9  of Justice, who arguably would have some discretion

10 whether to exercise that right.  But as I read the

11 statute, there's nothing that requires the Department

12 of Justice to specifically make that request.

13           Secondly, to the extent a stay is

14 appropriate, the Court concludes that the entire action

15 would be stayed for a variety of reasons, including the

16 text of the statute, the purposes for which the stay

17 provision was included in the statute, the fact that

18 all of the plaintiff's claims arise out of the same

19 alleged facts and occurrences as her TVPRA claims under

20 Section 1595, and that it would frustrate the purposes

21 and policies embedded in Section 1595(b) to attempt to

22 continue the case as to claims other than the

23 trafficking claims.  Bifurcating claims for the

24 purposes of Section 1595 would also result in multiple

25 trials that would be essentially identical in terms of

1  evidence issues and would result in the needless waste

2  of both the parties' and the Court's time and

3  resources.

4            Third, the Court is not persuaded that the

5  State Department investigation standing alone

6  constitutes a criminal action for the purposes of

7  Section 1595(a).  While the definition of criminal

8  action includes an investigation as well as a

9  prosecution, it appears to the Court that the

10 investigation necessarily refers to a criminal

11 investigation of some sort.

12           It also appears to the Court that the law

13 enforcement investigation referenced in the State

14 Department's letter refers to an investigation with

15 respect to the issues within their jurisdiction.

16 Although they've framed it in terms of the issues that

17 Ms. Muchira has brought to their attention, it

18 certainly could include things other than human

19 trafficking, such as passport and visa fraud issues,

20 which are not necessarily part of a criminal

21 investigation or prosecution.

22           In any event, only the Department of Justice

23 has criminal prosecutorial authority, and any criminal

24 action would need to be instituted through that agency

25 or one of the U.S. Attorney's Offices.  For that

1   reason, whether a stay is appropriate depends on

2   whether there is a pending Department of Justice

3   criminal investigation.

4           The plaintiff has represented that in a

5   recent contact with the Department of Justice, it

6   confirmed that a criminal investigation file remains

7   open, which DOJ indicated would be closed within a week

8   upon plaintiff's request.  I understand that while that

9   request has not been made, it's the plaintiff's

10  intention to make such a request.  In any event, at

11  this point, there's no dispute that there is, in fact,

12  a criminal investigation pending.

13          So for these reasons, the Court is going to

14  grant the defendants' motion for a stay pending

15  confirmation that the DOJ criminal investigation has

16  been closed, following which the stay will be lifted

17  provided, however, that the stay shall not apply to

18  plaintiff's outstanding discovery obligations or

19  plaintiff's pending discovery requests.

20          Also, given the prospects that the stay may

21  be lifted quickly, the Court is also going to establish

22  a trial date.  The Court is going to remove from the

23  stay any mutual exchanges or other activities that the

24  parties might agree upon in anticipation of or in

25  preparation for the trial.