# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| WINFRED MUCHIRA,             )<br>                              )<br>       Plaintiff,            )<br>                              )<br>       v.                     )<br>                              )   Civil Action No. 1:14-cv-00770-AJT<br>HALAH AL-RAWAF, et al.,       )<br>                              )<br>       Defendants.            )   Jury Demanded<br>                              )<br>                              )<br>                              ) | |

## PLAINTIFF'S THIRD STATUS REPORT

Plaintiff Winfred Muchira, by her attorneys, provides this third update[1] of the efforts taken to comply with this Court's January 9 order. Since the last update, plaintiff's counsel have continued their efforts to obtain information based on the subpoenas served on the service providers, but have not obtained any additional content.

### Google

Google was served with a subpoena for the content of one account (muchiraw@gmail.com) that was created after Ms. Muchira left the Saudi family and that Ms. Muchira has testified she did not use. (D.I. 108 p.2). We are informed of the following by counsel retained to subpoena Google. As reported in the last status update, Google will not provide account content in response to a civil subpoena served by a user who has forgotten her password, because that user cannot verify account ownership.

---

[1] Plaintiff filed a first update with the Court on January 23 (D.I. 108) and a second status report on January 30 (D.I. 116).

Plaintiff does not believe moving to compel Google is warranted, because doing so would involve undue burden and cost as contemplated by Rule 26. Fed. R. Civ. P. 26(b)(2)(B) "a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost"); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii). The likelihood that the gmail account even contains any relevant information is low given that the account was created after Ms. Muchira left the Saudi family and she did not use the account. As such, plaintiff believes her efforts to obtain information from Google have concluded.

### **Facebook**

Facebook was served with a subpoena for the content of five Facebook accounts and two @facebook.com email accounts on January 14, 2015. As detailed in the previous status update, of the five Facebook accounts subject to the subpoena: one account has no picture, and Ms. Muchira does not recall if she created it; two accounts were created for Ms. Muchira in Saudi Arabia by other housemaids, and have little or no content; one account is associated with a partially redacted email address, and has a small amount of public content; and one account was utilized by Ms. Muchira after she left the Saudi family. (D.I. 108 n. 3). Ms. Muchira did not utilize the two @facebook.com email accounts. *Id*. Accordingly, Ms. Muchira does not believe it likely that there is any relevant information contained in the accounts.

We are informed of the following by counsel retained to subpoena Facebook, Susan Podolsky. As previously reported, Facebook refuses to produce content of accounts in response to a civil subpoena, even if the account holder consents. Moreover, Facebook's position is that Ms. Muchira is not able to provide such consent anyway, because she cannot establish that she is

a "user" as contemplated by 18 U.S.C. §2701(c)(2), the relevant portion of the Stored Communications Act.

The only option remaining to Ms. Podolsky is to move to compel Facebook to produce documents and information responsive to the subpoena. Plaintiff does not believe moving to compel Facebook is warranted, because doing so would involve undue burden and cost as contemplated by Rule 26. *See* Fed. R. Civ. P. 26(B), (C). Defendants have indicated that they will not voluntarily agree to pay any expenses or costs associated with such a motion. As such, plaintiff believes her efforts to obtain information from Facebook have concluded.

### Microsoft

Microsoft was served with a subpoena for the content of one email account (winfredmuchira@hotmail.com) and any Skype accounts associated with Winfred Muchira. (Dkt. 108 at 4.) Microsoft indicated that, as per its protocol for such subpoenas, it would forward to WilmerHale a form designed to allow users to prove their ownership of an account. (D.I. 108 at 4.) However, WilmerHale has still not received the form, and Microsoft has not responded to WilmerHale's attempts to further discuss the subpoena or the form.

As previously reported, given the description of the required form, plaintiff's counsel believes that the probability that the subpoena to Microsoft will result in account access is low, because Ms. Muchira will not know the information required to successfully complete the form. Ms. Muchira also does not believe there is any content in the account created by her. WilmerHale will continue to pursue the issue with Microsoft. However, given the lack of responsiveness from Microsoft, the lack of information that plaintiff even has about the account at issue, and the apparent fruitlessness of the subpoena efforts, plaintiff believes that it is unlikely any additional information will be recovered.

**Yahoo**

Yahoo was served with a subpoena for the content of three email accounts: winmuchira11@yahoo.com; muchiraw@yahoo.com; and m*********0@yahoo.com. (D.I. 108 at 5-6). As previously reported, Yahoo has confirmed that it is unable to provide responsive information for the winmuchira11@yahoo.com and m*********0@yahoo.com accounts. (D.I. 108 at 5-6).

Yahoo sent WilmerHale a required consent form for the third email account, murhiraw@yahoo.com. (D.I. 108 at 6). However, although Ms. Muchira and her counsel completed the form with the best information available, Yahoo determined that Ms. Muchira was not able to sufficiently prove her ownership of the account and, as a result, Yahoo will not produce the account's content. However, the representative indicated that after 15 days, Yahoo can produce the dates of any logins to that account that required password entry over the past year. We will update that Court and defendants if and when we do receive this information.

**CONCLUSION**

Plaintiff's efforts to comply with the January 9 order have produced as much additional information as is reasonably available. Plaintiff again respectfully requests that the Court decline to impose any of the sanctions identified in the Court's January 9 order. Should the Court be inclined to consider sanctions, plaintiff respectfully requests that further briefing on the issue be permitted.

              Respectfully submitted,

              /s/ Deborah Yates
              Deborah Anne Yates (VA Bar No. 74773)

James L. Quarles, III (VA Bar No. 44993)
Gregory H. Lantier (VA Bar No. 65657)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:   (202) 663-6000
Facsimile:   (202) 663-6363
deborah.yates@wilmerhale.com
james.quarles@wilmerhale.com
gregory.lantier@wilmerhale.com

*Counsel for the Plaintiff*


    /s/ Susan R. Podolsky
Susan R. Podolsky (VA Bar No. 27891)
LAW OFFICES OF SUSAN R.
PODOLSKY
King Street Station
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009

*Counsel for the Plaintiff*


    /s/ Lee B. Warren
Lee B. Warren (VA Bar No. 77446)
COOK CRAIG & FRANCUZENKO, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Telephone: (703) 865-7480
Facsimile: (703) 434-3510

*Counsel for the Plaintiff*

DATED: February 6, 2015

**CERTIFICATE OF SERVICE**

I certify that today, February 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Jay M. McDannell (VA Bar No. 45630)
>Potomac Law Group, PLLC
>1300 Pennsylvania Avenue, N.W.
>Suite 700
>Washington, DC 20004
>Telephone: 703-718-0171
>Email: jmcdannell@potomaclaw.com

>_____/s/ Deborah Yates_____
>Deborah Anne Yates (VA Bar No. 74773)
>WILMER CUTLER PICKERING HALE
>AND DORR LLP
>1875 Pennsylvania Avenue NW
>Washington, DC 20006
>Telephone:    (202) 663-6000
>Facsimile:    (202) 663-6363
>deborah.yates@wilmerhale.com
>
>*Counsel for the Plaintiff*