IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| WINFRED MUCHIRA,<br><br>                Plaintiff,<br><br>  vs.<br><br>HALAH AL-RAWAF,<br>IBRAHIM AL-RASHOUDI,<br>FAHAD AL-RASHOUDI,<br>LULUH AL-RASHOUDI,<br>10686 Waterfalls Lane<br>Vienna, VA 22182<br>Fairfax County<br><br>                Defendants. | Civil Action No. 1:14-cv-00770-AJT-JFA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF WINFRED MUCHIRA'S OBJECTIONS
TO DEFENDANTS' COUNTER-DESIGNATIONS OF NGIGI DEPOSITION
TESTIMONY**

On January 14, plaintiff designated, by page and line number, the testimony from the deposition of Rose Ngigi that plaintiff intends to present at trial. (Dkt. No. 93-2.) In response, defendants counter-designated thirty pages of testimony without specifying to what affirmative designations any of the testimony was counter-designated. (Dkt. No. 114.) Defendants' overly broad designations go well beyond the scope of the affirmative designations, include non-testimony, and include incomplete questions and answers. Plaintiff's counsel requested that defendants identify, in response to each affirmative designation, the specific testimony defendants intend to offer as counter-designations to plaintiff's affirmative designations by page and line number. Defendants refused to do so. Plaintiff therefore broadly objects to the counter-designations as overbroad. In addition, defendants' failure to identify designated testimony by

line number makes specific objections difficult.  Plaintiff has attempted to identify all of the appropriate objections to specific testimony below.  However, plaintiff reserves the right to make further objections if and when defendants provide counter-designations specifically tailored to plaintiff's designations.

| **Defendants' Counter-Designations** | **Plaintiff's Objections** |
|---|---|
| 7-9 | Beyond scope of affirmative designations; argument; incomplete; relevance; not evidence |
| 11-22 | Beyond scope of affirmative designations; incomplete; speculation (18:20-19:2); hearsay; relevance (11:1-22:1) |
| 30-33 | Beyond scope of affirmative designations; incomplete; hearsay; relevance and unfair prejudice (32:18-33:19) |
| 35-36 | Beyond scope of affirmative designations; incomplete; hearsay; argument; relevance and unfair prejudice (35:18-36:23) |
| 39-43 | Beyond scope of affirmative designations; incomplete; hearsay; argument (39:1-5); relevance and unfair prejudice (39:1-5; 41:11-44:2); speculation (42:11-15) |
| 45-46 | Incomplete; relevance and unfair prejudice (45:1-46:6); beyond scope of affirmative designations; hearsay; speculation (44:22-45:15) |
| 101 | Incomplete |
| 107 | Incomplete |

## **OBJECTION KEY FOR DEPOSITION DESIGNATIONS**

| Code | Federal Rule(s) of Evidence | Objection |
|---|---|---|
| Argument | FRE 402 (Relevance) FRE 611(a) (Mode of Interrogation) | Plaintiff objects to this deposition designation because it is lawyer argument or colloquy and not testimony of the witness. |
| Hearsay | FRE 802 (Hearsay) | Plaintiff objects to this deposition designation because it constitutes or contains hearsay. |
| Incomplete | FRE 106 (Completeness) | Plaintiff objects to this deposition designation because it does not contain the complete testimony. Plaintiff generally objects to all designations that include only part of a question and/or part of an answer, or that do not include any question. |
| Not Evidence | | Plaintiffs object to this deposition designation because it includes statements that are not testimony or evidence. |
| Unfair Prejudice | FRE 403 (Unfair Prejudice) | Plaintiffs object to this deposition designation because its probative value is outweighed by unfair prejudice and/or confusion of the issues. |
| Relevance | FRE 402 (Relevance) | Plaintiffs object to this deposition designation because it is not relevant to any issue to be decided in this case. |
| Speculation | FRE 611 (Mode of Interrogation) | Plaintiff objects to this deposition designation because it includes statements that are speculative as to matters of fact or law. |
| Beyond scope of affirmative designations | FRE 611(b) (Scope of Cross Examination) | Plaintiff objects to this deposition designation because it is beyond the scope of plaintiff's affirmative designations. |

DATED this 9th day of February, 2015.

By: /s/ Deborah Anne Yates
WILMER CUTLER PICKERING
   HALE AND DORR LLP
Deborah A. Yates (Va. Bar 74773)
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6726
Fax: (202) 663-6363

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I certify that today, February 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Jay M. McDannell (VA Bar No. 45630)
>Potomac Law Group, PLLC
>1300 Pennsylvania Avenue, N.W.
>Suite 700
>Washington, DC 20004
>Telephone: 703-718-0171
>Email: jmcdannell@potomaclaw

>By: /s/ Deborah Anne Yates
>WILMER CUTLER PICKERING
>  HALE AND DORR LLP
>Deborah A. Yates (Va. Bar 74773)
>1875 Pennsylvania Avenue, N.W.
>Washington, D.C. 20006
>Telephone: (202) 663-6726
>Fax: (202) 663-6363

>*Counsel for Plaintiff*